**Lenward BROWN, Plaintiff-Appellee,**

v.

**LOUISIANA & ARKANSAS RAILWAY COMPANY, Defendant-Appellant.**

**No. 28958**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 21, 1970.

William L. Peek, Jr., Wheeler, Watkins, Hubbard, Patton & Peek, Texarkana, Tex., for defendant-appellant.

Franklin Jones, Jr., Franklin Jones, Sr., Jones, Jones & Baldwin, Marshall, Tex., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM.

We are called upon in this appeal[1] to review the trial court's denial of motion for new trial on the sole basis of excessiveness of damages assessed by a jury. We find no basis in the record for holding that the trial court abused the sound discretion committed to it under the law in passing upon and denying the motion and accordingly affirm.

Lenward Brown, age 36, a brakeman with twelve years experience in the employ of the appellant (hereinafter Railway) received disabling injuries when a portion of a freight train derailed between Minden, Louisiana, and Hope, Arkansas, on July 20, 1967. Brown was "deadheading" between points, riding in the caboose of the train in a seat provided for the brakeman. The caboose was not derailed but came to an abrupt stop as a result of the derailment of the other cars and Brown was thrown violently from his seat against the wall of the caboose striking his head against the steel wall. The extent of his injuries was not immediately apparent, as he was able to walk to the head of the train (a distance from 40 to 45 cars) and back shortly after the accident. Almost immediately he began to feel pain in his back, neck and forehead and his condition steadily worsened during the approximately two years between the injury and the trial. Our purposes here do not require a detailed recitation of his treatment. Suffice it to say that he was still unable to return to work at the time of the trial, and there was considerable medical testimony justifying a conclusion by the jury that his disability was total and permanent. His average yearly earnings for the two years prior to injury were about $7000.00, which could be expected to continue to 1974 when, under the seniority system, he could expect to be promoted to conductor after 20 years service and earn twice to three times as much pay as he received as a brakeman. Appellee's brief contains detailed computations showing that his prospective future earnings by age 65 would total more than $350,000.00, which discounted to its present money value would give a figure of $215,000.00.

1. Pursuant to our Local Rule 18 this case is decided without oral argument.

This would be in addition to approximately $14,000.00 of lost earnings from date of injury to date of judgment.

The suit was brought under the Federal Employers' Liability Act, Title 45, U.S.C. Section 51 et seq., and was tried before a jury resulting in a general verdict for the plaintiff-appellee in the sum of $122,650.00.

 As indicated, the sole basis for the motion for new trial and for this appeal from its denial was that the damages assessed by the jury were so grossly excessive as to be incorrect as a matter of law. We are not materially aided in the consideration of the problems presented to us by Railway's citation of numerous somewhat similar Texas cases in which a remittitur had been ordered by Texas appellate courts. Federal juries are not bound by the amounts Texas juries have awarded or Texas courts have approved or disapproved in similar cases. It is for each federal jury to weigh the facts presented to it and award appropriate damages.[2]

 Rather, the standard for reviewing allegedly inadequate or excessive verdicts by this Court is as set out by Judge Hutcheson in Rosiello v. Sellman, 5 Cir.1965, 354 F.2d 219:

"The refusal to grant a new trial, sought on the ground of inadequate or excessive damages, is a matter within the sound discretion of the trial judge, whose action thereon should be overturned only in exceptional circumstances. In a long line of cases this Court has consistently emphasized that 'the granting or denial of a new trial on the ground of excessive [or inadequate] damages is a matter of discretion with the trial court, not subject to review except for grave abuse of discretion.' ". (Footnote and citations omitted)

In both the majority and minority opinions in the *Grunenthal* case[3] the narrow scope of our review is set forth by the Supreme Court.

 We are unable to perceive that any abuse of discretion on the part of the trial court has been demonstrated.[4] The judgment is

Affirmed.

2. See Silverman v. Travelers Insurance Company, 5 Cir. 1960, 277 F.2d 257, 260, where we said: "To show an abuse of discretion by the trial judge, appellants cite Louisiana cases in which the appellate court affirmed a larger verdict than the jury awarded in the instant case. But federal juries are not bound by the amounts Louisiana juries and Louisiana courts have awarded for wrongful death. Each federal jury determines the facts in the case before it and, under the Seventh Amendment, the jury's verdict cannot be re-examined; although the district court, in its discretion, may set aside the verdict and grant a new trial."

3. Grunenthal v. Long Island R. Co., 393 U.S. 156, 159, 89 S.Ct. 331, 333, 21 L.Ed. 2d 309 (1969). As footnoted in the majority opinion: "The standard has been variously phrased: 'Common phrases are such as: "grossly excessive," "inordinate," "shocking to the judicial conscience," "outrageously excessive," "so large as to shock the conscience of the court," "monstrous", and many others.'

Dagnello v. Long Island R. Co., supra, at 802." (Referring to a 1961 2nd Circuit case at 289 F.2d 797.)

As more fully expressed in the dissent: "If we reverse, it must be because of an abuse of discretion. If the question of excessiveness is close or in the balance, we must affirm. The very nature of the problem counsels restraint. Just as the trial judge is not called upon to say whether the amount is higher than he personally would have awarded, so are we appellate judges not to decide whether we would have set aside the verdict if we were presiding at the trial, but whether the amount is so high that it would be a denial of justice to permit it to stand. We must give the benefit of every doubt to the judgment of the trial judge; but surely there must be an upper limit, and whether that has been surpassed is not a question of fact with respect to which reasonable men may differ, but a question of law. * * * "

4. Cf. Gorsalitz v. Olin Mathieson Chemical Corporation, 5 Cir. 1970, 429 F.2d 1033.