**Lucie Dolores HART, as Administratrix of the Goods, Chattels and Credits of Timothy J. Hart, deceased, Plaintiff-Appellee,**

v.

**Vincent FORCHELLI and Charles N. Forchelli, Defendants-Appellants.**

No. 926, Docket 71-1128.

United States Court of Appeals, Second Circuit.

Argued June 23, 1971.

Decided July 21, 1971.

Edward H. Schiff, Brooklyn, N. Y. (Thomas V. Kingham, New York City, Harold L. Cowin, Brooklyn, N. Y., of counsel), for defendants-appellants.

Marvin V. Ausubel, New York City (Emile Z. Berman and A. Harold Frost, New York City, of counsel), for plaintiff-appellee.

Before SMITH and HAYS, Circuit Judges, and POLLACK, District Judge.*

PER CURIAM:

This is an appeal from the United States District Court for the Eastern District of New York (Jack B. Weinstein, Judge) from the award of damages by the jury of $252,000 in an automobile negligence death action. The

* United States District Judge for the Southern District of New York, sitting by designation.

sole ground for appeal is that the amount of the award is excessive.

The facts are relatively simple and not in dispute. The decedent, Timothy J. Hart, age 18, was killed in an automobile accident on the night of April 20, 1969 when he was a passenger in a car driven by the appellant, Charles N. Forchelli. At the time of the accident, Hart was a freshman at Syracuse University. He had been an outstanding athlete in high school as well as an accomplished scholar. He attended the University on a full scholarship standing fourth in an honors program and had tentative plans to become an attorney. His mother, Lucie Dolores Hart, the plaintiff in this action, was at the time of the accident forty-one years of age, in excellent health, and had a life expectancy of thirty-five years. She had been abandoned by her husband some years before and was employed for $75 per week at the Catholic House of Retreat in Willimantic, Connecticut. There was evidence that the decedent had voiced his intention to support his mother so that she would not have to work as soon as he had finished his education.

█ The scope of review in the appellate courts in examining the excessiveness of a jury verdict is, of course, extremely limited. For many years the law in the federal courts was that an appellate court had no power at all to examine a jury's verdict in this regard. It was not until 1956 that this circuit departed from that position in Comiskey v. Pennsylvania R. R. Co., 228 F.2d 687 (2d Cir. 1956). A few years later in Dagnello v. Long Island R. R. Co., 289 F.2d 797 (2d Cir. 1961), Judge Medina examined the question with his customary thoroughness. He concluded:

And so we hold we have the power to review the order of a trial judge refusing to set aside a verdict as excessive. If we reverse, it must be because of an abuse of discretion. If the question of excessiveness is close or in balance, we must affirm. The very nature of the problem counsels restraint. Just as the trial judge is not called upon to say whether the amount is higher than he personally would have awarded, so are we appellate judges not to decide whether we would have set aside the verdict if we were presiding at the trial, but whether the amount is so high that it would be a denial of justice to permit it to stand. We must give the benefit of every doubt to the judgment of the trial judge; but surely there must be an upper limit, and whether that has been surpassed is not a question of fact with respect to which reasonable men may differ, but a question of law. [*Id.* at 806.]

The standard we are to apply is hardly a precise one. As the Supreme Court noted in a footnote in its opinion in Grunenthal v. Long Island R. R. Co., 393 U. S. 156, 159, 89 S.Ct. 331, 333, 21 L.Ed.2d 309 (1969): "The standard has been variously phrased: 'Common phrases are such as: "grossly excessive," "inordinate," "shocking to the judicial conscience," "outrageously excessive," "so large as to shock the conscience of the court," "monstrous," and many others.' "

█ Moreover, it is not particularly helpful to examine numerous state cases since federal juries are not bound by the amount that New York juries have awarded or New York courts have approved or disapproved. Brown v. Louisiana & Arkansas Ry. Co., 429 F.2d 1265 (5 Cir. 1970).

If one calculates the annual income which Mrs. Hart would receive from the $252,000 award based on an investment interest of 6 per cent and also assuming that she would draw on principal as well as income so that at the end of her 35 year life expectancy there would be nothing left, she would have a yearly income of approximately $16,500.

█ While it is true that an examination of the various New York and federal cases cited by both parties reveals this to be one of the largest awards on record in a wrongful death action with only one surviving dependent where that dependent is not the decedent's spouse,

we are nevertheless unable to conclude that the amount is so unreasonable as to justify this court's intervention.

The judgment of the district court is therefore affirmed.