Harley BUSH

v.

TEXACO, INC.

Civ. A. No. B–79–78–CA.

United States District Court,
E. D. Texas,
Beaumont Division.

Jan. 2, 1981.

Arthur L. Schechter, Schechter & Shelton, Houston, Tex., for plaintiff.

Cleve Bachman, Orgain, Bell & Tucker, Beaumont, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

JOE J. FISHER, District Judge.

Before the Court are the plaintiff's motion for judgment on the verdict of the jury returned in this cause, the defendant's amended motion for a new trial, and the plaintiff's response thereto. As appears more clearly below, the Court finds the jury's finding as to liability to be against the great weight of the evidence and the damages assessed to be against the great weight of the evidence and excessive and, therefore, grants the defendant's motion for a new trial.

This is a seaman's personal injury case brought under the Jones Act, 46 U.S.C. § 688, and the general maritime law. The suit was tried to a jury and a verdict was returned in favor of the plaintiff. The jury in its answers to the special interrogatories submitted to it found that the vessel was not unseaworthy, that the defendant was negligent, that such negligence was a cause of the plaintiff's injuries, that the plaintiff was not contributorily negligent, and assessed damages in the sum of four hundred and six thousand dollars ($406,000.00). The defendant has moved the Court to grant a new trial on the ground that the verdict as to liability was against the great weight of the evidence. It has also moved for a new trial, or in the alternative, for a remittitur, on the ground that the verdict as to damages was against the great weight of the evidence and excessive. The grounds will be discussed in that sequence.

### I

In ruling on the defendant's first ground, this Court is governed by the rule that "new trials [should] not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great, not merely the greater, weight of the evidence." *King v. Exxon Co., U.S.A.*, 618 F.2d 1111, 1116 (5th Cir. 1980). Although the Court may not weigh the evidence when presented with a motion for judgment notwithstanding the verdict, on a motion for a new trial "the judge is free to weigh the evidence." *Bazile v. Bisso Marine Co., Inc.*, 606 F.2d 101, 105 (5th Cir. 1979), *cert. denied,* ——— U.S. ———, 101 S.Ct. 94, 66 L.Ed.2d 33 (1980); *United States v. Bucon Construction Co.*, 430 F.2d 420, 423 (5th Cir. 1970); 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2806 at 43–45 (1973). However, the Court must not substitute its judgment for that of the jury, *Cruthirds v. RCI, Inc.*, 624 F.2d 632, 636 (5th Cir. 1980), but should exercise its supervisory power granted by Rule 59(a) of the Federal Rules of Civil Procedure [1] to insure that justice is done.

---

1. Rule 59(a) provides, in pertinent part, as follows:

    A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States.

Rule 59 gives the trial judge ample power to prevent what he considers to be a miscarriage of justice. It is his right, *and indeed his duty*, to order a new trial if he deems it in the interest of justice to do so.

11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2803 at 31–32 (1973) (emphasis supplied). *See North Texas Producers Ass'n v. Metzger Dairies, Inc.*, 348 F.2d 189, 191 (5th Cir. 1965), *cert. denied*, 382 U.S. 977, 86 S.Ct. 545, 15 L.Ed.2d 468 (1966); *Delta Engineering Corp. v. Scott*, 322 F.2d 11, 15 (5th Cir. 1963), *cert. denied*, 377 U.S. 905, 84 S.Ct. 1164, 12 L.Ed.2d 176 (1964). In reviewing the evidence, the Court is well-aware that the standards of negligence and causation are considerably relaxed in Jones Act cases. *See, e. g., Wilkerson v. Teledyne Movible Offshore, Inc.*, 496 F.Supp. 1279, 1284 (E.D.Tex.1980). However, even under this featherweight burden, the Court is firmly convinced that the jury's finding as to negligence is against the great weight of the evidence.

The plaintiff slipped on a squash that was lying beneath a pipe on the deck of the vessel while he was realighting on the deck after climbing over the pipe. There is no dispute about these facts. The controversy is over whether allowing the squash to remain on the deck constituted a breach of the defendant's duty of care to the plaintiff. In this connection, the facts show that the squash was in a location away from the main walkway where crewmembers normally travelled, where it could not have reasonably been expected to be, and where, according to the plaintiff's own testimony, it was impossible to see from the main deck. There was no evidence from which the jury could conclude that a general search would have disclosed the errant vegetable, nor was there any evidence to indicate that the defendant was duty-bound to conduct such a search. In sum, there was no evidence introduced which showed that the defendant knew or should have known of the presence of the squash. The jury's finding as to negligence is contrary to the great weight of the evidence and cannot stand. To allow this finding to remain undisturbed would be a miscarriage of justice, which this Court will not permit. Therefore, the Court will grant the defendant's motion on the first ground.

II

■ The defendant also urges that the damages assessed by the jury were excessive and against the great weight of the evidence, and asks for a new trial, or in the alternative, remittitur. "Federal trial courts may, in their discretion, set aside a jury verdict and order a new trial if the amount of the verdict is excessive or inadequate." *Lucas v. American Manufacturing Co.*, 630 F.2d 291, 293 (5th Cir. 1980). However,

[t]he court is not free to set aside the verdict merely because the judge might have awarded a different amount of damages, but it may do so * * * if the verdict, in the light of the evidence, is so unreasonable that it would be unconscionable to permit it to stand.

11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2807 at 51–52 (1973) (footnotes omitted).

■ The evidence as to damages shows that the plaintiff had previously sustained an injury virtually identical to the one presently sued upon, which was completely cured in a relatively short period of time by surgery. There was no evidence to indicate that the present injury could not be similarly cured. Moreover, the plaintiff had been given fit-for-duty slips by the United States Public Health Service on two occasions during the pendency of this suit, and had actually worked for approximately two months during the same period. There was testimony that seamen in the plaintiff's class worked only about eighty-five percent (85%) of the total potential work time. If the plaintiff could have worked all of the potential time, there was evidence that he could have earned approximately six hundred thousand dollars ($600,000.00) during his work-life expectancy, without allowing for income tax or reducing to present value. Apparently relying on this testimony, the

jury awarded the plaintiff four hundred and six thousand dollars ($406,000.00). An award of that figure necessarily implies that the jury found the plaintiff to be totally and permanently disabled from doing any type of work whatsoever. That finding is contrary to the overwhelming weight of the evidence introduced at trial.

The only evidence as to unpaid medical expenses was one bill for two thousand dollars ($2,000.00) and a possible laminectomy in the future, which would cost approximately ten thousand dollars ($10,000.00). The only objective evidence as to the plaintiff's pain and suffering was some testimony that he had some muscle spasms and general discomfort. These complaints were so mild that he was given no medication for pain when he saw Dr. Cupic five days prior to the trial. The Court finds that the damages assessed by the jury were against the great weight of the evidence.

The fifth circuit has adopted the standard of the Supreme Court in *Grunenthal v. Long Island Ry. Co.*, 393 U.S. 156, 159 n. 4, 89 S.Ct. 331, 333 n. 4, 21 L.Ed.2d 309 (1968), to govern the question of excessive damages. The factors are: (1) grossly excessive, (2) inordinate, (3) shocking to the judicial conscience, (4) outrageously excessive, (5) so large as to shock the conscience of the court, and (6) monstrous. *Perricone v. Kansas City Southern Ry. Co.*, 630 F.2d 317, 320 (5th Cir. 1980); *Brown v. Louisiana & Arkansas Ry. Co.*, 429 F.2d 1265, 1267 n. 2 (5th Cir. 1970). Regardless of which verbal formulation is used, the Court finds the damages assessed by the jury in this case to be excessive. The defendant's motion for a new trial will be granted on the second ground.[2]

### III

Rule 59(b) of the Federal Rules of Civil Procedure governs the time within which a motion for a new trial may be served.[3] Rule 59 says nothing about the time limits on the Court's power to rule on a motion for a new trial. Regardless of the maximum time a trial judge might take to rule on a motion for a new trial, the Court can find no impediment to ruling on such a motion prior to entry of the judgment. Indeed, the Court can divine no reason for entering the judgment prior to granting the defendant's motion for a new trial, since "an order for new trial destroys the finality of any judgment that has been entered." 6A Moore's Federal Practice ¶ 59.15[1] at 59–273 (2d ed. 1979). Rather than indulge in such a futile gesture, the Court will deny the plaintiff's motion for judgment. It is, therefore,

ORDERED, ADJUDGED and DECREED that the plaintiff's motion for judgment is hereby denied. It is further,

ORDERED, ADJUDGED and DECREED that the verdict returned by the jury herein is hereby set aside and held for naught and the defendant is granted a new trial on all issues.

---

2. Since the Court has found the jury's finding as to liability to be against the great weight of the evidence, there is no need to calculate the maximum possible award that the evidence would sustain and require the plaintiff to remit the excess under the doctrine of *Bonura v. Sea Land Service, Inc.*, 505 F.2d 665 (5th Cir. 1974).

3. "A motion for a new trial shall be served not later than 10 days after the entry of judgment." Fed.R.Civ.P. 59(b).