**Charlie W. WOOTEN, Jr., Appellant,**

**v.**

**SKIBS A/S SAMUEL BAKKE, Appellee.**

**No. 12954.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 6, 1969.

Decided April 9, 1969.

On Rehearing Aug. 20, 1969.

Ralph Rabinowitz, Norfolk, Va., for appellant.

John W. Winston, Norfolk, Va. (Seawell, McCoy, Winston & Dalton, Norfolk, Va., on brief) for appellee.

Before HAYNSWORTH, Chief Judge, WINTER and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

Charlie W. Wooten, Jr., a longshoreman, was injured while at work aboard the defendant shipowner's vessel. His

action, alleging negligence and unseaworthiness, was dismissed by the district court on a motion for summary judgment.[1] The court held Wooten's suit barred by a release he had signed. We, however, find that there was a genuine issue of fact as to the validity of the release and that Wooten was entitled to have a jury decide this issue.

At the time the release was signed, both parties assumed that the injury to Wooten's ankle was not permanent.[2] They had been told so by two doctors selected by his employer's compensation carrier—the only doctors who examined Wooten between the time of the injury and the release. Subsequent medical examination has revealed, Wooten claims, that his injury at the time of the release was permanent and partially incapacitating. The shipowner disagrees and cites later medical evidence in support of the original diagnosis of non-permanent injury.

■ Wooten released the shipowner from all claims he "now has or hereafter may have on account of or in any way growing out of Personal Injuries known or unknown to me at the present time * * *."[3] The release—read literally —bars Wooten's action, but if it was founded on a mutual mistake of fact, it affords no defense. Atlantic Greyhound Lines of West Virginia v. Metz, 70 F.2d 166 (4th Cir. 1934). The shipowner argues that there was no mutual mistake, that any misapprehension concerned only the prospects of a known injury. Wooten knowingly accepted the risk of future harm and cannot, the shipowner urges, be allowed out of his bargain simply because it occurred. But this argument overlooks the conceded fact that at the time they signed the release, both Wooten and the adjuster believed Wooten's injury was not permanently disabling. Wooten may have risked future trouble from his injury, but neither he nor the shipowner bargained on the basis of present permanent disability.

This same distinction was drawn in Chicago & N. W. Ry. v. Curl, 178 F.2d 497, 501 (8th Cir. 1949). There the plaintiff was told by the railroad's doctor that his disability would last less than two weeks and, on that basis, a release was signed. Instead, the injury turned out to have been permanent. Finding "a mistake of both parties concerning a present fact material to the contract," the court affirmed a jury verdict for the plaintiff. Another

---

1. Wooten based his civil action on diversity of citizenship and demanded a jury trial.

2. Wooten expressly declined to be represented by a lawyer during the negotiations. The shipowner's interests were represented by a claim adjuster for the company which had insured Wooten's employer, the Tidewater Stevedoring Corp.

3. The adjuster explained the release to Wooten in this recorded colloquy:

Adjuster: Now in order to settle your claim against the vessel, the S/S Concordia Star, its owners, agents, charters, captain and crew whom I represent, I'm going to ask you to sign a release in which you release all claims that you now have or might have in the future against the ship as a result of this accident. Now I'll hand you the release now with the request that you read it over carefully, which you have already done once anyway, and read it over and if you have any questions feel free to ask.

Wooten: The only question that I have, realizing that this is a release of settlement of the claim and I understand, am I to assume that any reoccurrence of this leg then, in other words this is it. What about if the leg give me trouble in the future.

Adjuster: Yeah, well I think I can clear that up. What this is here that you are releasing any claims now and in the future—any claim you might have against the ship.

Wooten: Right.

Adjuster: The vessel.

Wooten: Right.

Adjuster: In other words this is no more money, lump sum of money.

Wooten: Right.

Adjuster: But as far as any future treatment, this would be covered under workman's compensation.

Wooten: Alright.

Adjuster: Merely releasing the ship. Any future treatment would be taken care of.

Wooten: Alright.

erroneous diagnosis led to the same result in Bonici v. Standard Oil Co., 103 F.2d 437, 439 (2d Cir.), cert. denied, 308 U.S. 560, 60 S.Ct. 106, 84 L.Ed. 471 (1939). Earlier Judge Learned Hand had written of an invalid release: "To tell a layman who has been injured that he will be about again in a short time is to do more than prophesy about his recovery. No doubt it is a forecast, but it is ordinarily more than a forecast; it is an assurance as to his present condition, and so understood. * * * The issue was at best for the jury; * * *." Scheer v. Rockne Motors Corp., 68 F.2d 942, 945 (2d Cir. 1934).

The conflicting diagnoses of the doctors concerning the permanency of Wooten's disability presents a genuine issue of fact, one which the jury must resolve. If the jury finds that the accident did not leave Wooten permanently disabled, the release is valid; but if the accident caused a permanent partial disability, the release must be set aside.

On this issue the burden of proof is the shipowner's. Wooten was a longshoreman working on board a ship in navigable waters and as such "is entitled to the seaman's traditional and statutory protections, regardless of the fact that he is employed immediately by another than the owner. For these purposes he is, in short, a seaman because he is doing a seaman's work and incurring a seaman's hazards." Seas Shipping Co. v. Sieracki, 328 U.S. 85, 99, 66 S.Ct. 872, 879–880, 90 L.Ed. 1099 (1946). And as a protection to the seaman, the law places the burden of proving the validity of a release on the shipowner. The right of the seaman to be free from this burden "inhered in his cause of action. Deeply rooted in admiralty as that right is, it was a part of the very substance of his claim and cannot be considered a mere incident of a form of procedure." Garrett v. Moore-McCormack Co., 317 U.S. 239, 249, 63 S.Ct. 246, 252, 87 L.Ed. 239 (1942). The burden of proving a maritime release is a part of the general law of admiralty applicable to seamen and longshoremen alike. Cf. .Panama Agencies Co. v. Franco, 111 F. 2d 263 (5th Cir. 1940); W. J. McCahan Sugar Refining & Molasses Co. v. Stoffel, 41 F.2d 651, 654 (3d Cir. 1930); 1 Edelman, Maritime Injury and Death 442 (1960).

Finally, the district judge correctly found no evidence of fraud or overreaching to taint the settlement. Consequently, we decline to hold, as Wooten urges, the release invalid as a matter of law, or to order the submission of these issues to a jury.

Vacated and remanded.

## ORDER ON REHEARING

PER CURIAM:

Upon consideration of a motion to enlarge the time for filing a petition for rehearing and a petition for rehearing filed by Charlie W. Wooten, Jr.,

It is Adjudged and Ordered that the motion for enlargement of time is granted, and the petition for rehearing is filed and granted.

The district court, on a motion for summary judgment, held Wooten's suit barred by a release he had signed. On appeal we held that the only potential defect in the release was a possibility of mutual mistake with respect to the permanency of Wooten's injury and that this question presented a genuine issue of fact which must be resolved by a jury. In all other respects, we held the release valid.

The judgment of the district court was vacated and remanded with instructions:

"If the jury finds that the accident did not leave Wooten permanently disabled, the release is valid; but if the accident caused a permanent partial disability, the release must be set aside.

"On this issue the burden of proof is the shipowner's. . . .

"Finally, the district judge correctly found no evidence of fraud or overreaching to taint the settlement. Consequently, we decline to hold, as Woot-

en urges, the release invalid as a matter of law, or to order the submission of these issues to a jury."

Wooten now asks clarification: should only the question of permanent partial disability or should all of the facts about the release, particularly whether the amount of consideration was adequate, be tried by the jury?

We reiterate that the only question for the jury to resolve concerning the validity of the release is whether the accident left Wooten permanently disabled. The amount of the release is not a controversy that should be submitted to the jury because if the jury finds Wooten suffered no permanent partial disability, we have already ruled the release would be valid. On the other hand, if Wooten suffered permanent partial disability, the amount of damages should be determined by the jury without reference to the amount the parties considered adequate when they dealt with only temporary disability in mind.

We leave to the sound discretion of the district judge the propriety of separate trials and the use and form of special verdicts and interrogatories. Federal Rules of Civil Procedure 42(b) and 49.