**August HARRIS, Plaintiff,**

v.

**LYKES BROS. STEAMSHIP CO., INC.,
Defendant.**

**Civ. No. 8041.**

United States District Court,
E. D. Texas,
Beaumont Division.

May 16, 1974.

Carl Waldman, Waldman & Smallwood, Beaumont, Tex., for plaintiff.

Hubert Oxford, III, Benckenstein, McNicholas, Ball, Oxford, Radford & Johnson, Beaumont, Tex., for defendant.

## MEMORANDUM DECISION

JOE J. FISHER, Chief Judge.

This is an admiralty or maritime cause of action brought by the plaintiff August Harris to recover damages for personal injuries sustained while working in the course and scope of his employment as a longshoreman with the Lykes Bros. Steamship Co., Inc., aboard the SS NANCY LYKES. Jurisdiction of the court is based upon 28 U.S.C. § 1333, and upon the general maritime law of the United States.

On September 30, 1964, the SS NANCY LYKES, which was owned, operated, and managed by the defendant, was docked on the navigable waters of the United States in the Port of Galveston, Texas. The plaintiff was a member of a longshore gang assigned to load baled cotton into the hold of the SS NANCY LYKES. The cotton was being loaded into the hold of the vessel by means of a sling, which was picked up by the ship's winches and swung into the hold of the vessel. While unhooking a sling load of cotton bales, one of the winches jerked and caused the load to crush the plaintiff between the load and the bulkhead of the vessel. From the time of his injury through October of 1972, the plaintiff was paid disability benefits under the Longshoremen's and Harbor Workers' Compensation Act in the amount of $24,000.00, as well as medical benefits. On July 5, 1967, the plaintiff signed a release with respect to the liability of the vessel, the consideration being $2,500.00. The plaintiff then filed this suit in December of 1972.

The plaintiff contends that he sustained personal injuries as a result of the negligence of the defendant and/or as a result of the unseaworthiness of the SS NANCY LYKES on the occasion in question. The defendant denies these allegations and contends that plaintiff's cause of action is barred by laches. The defendant further contends that it has a valid release executed by the plaintiff. The plaintiff contends that the release executed by him was obtained by coercion, fraud, or mistake, and that the consideration given was not fair or adequate compensation for plaintiff's injuries.

■ The plaintiff contends that he was a "seaman" at the time of his injury, and that he should be considered a seaman in determining the validity of the release he executed. The burden of proof is on the shipowner to prove that a release given by a seaman was executed without deception or coercion, and with a full understanding of his rights. Garrett v. Moore-McCormick Co., Inc., 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239 (1942). This burden is placed upon the shipowner with respect to releases for the protection of seamen, who have traditionally been characterized as wards of the court due to their nomadic nature and the perils they encounter while at sea. The plaintiff in our case, however, is a longshoreman who is not subjected to these factors which entitle the seaman to special considerations.[1] Therefore, the Court is of the opinion that the plaintiff should not be considered a seaman under these circumstances, and that the burden of proof with respect to the validity of the release should rest with the plaintiff.

■ The Court is further of the opinion that there was no fraud or overreaching on the part of the defendant in securing the release. The defendant made a settlement offer to the plaintiff, and, after a brief period of negotiation, they arrived at the figure of $2,500.00. The plaintiff accurately stated that he understood that the release would not affect his compensation or medical benefits, and that he was only releasing the ship. While the figure finally arrived at may be somewhat conservative, the negotiations show that the release was obtained in an arm's length transaction. Also the plaintiff evidenced no dissatisfaction with the settlement until this suit was filed in late 1972, over five (5) years later.

■ Further, even if the Court were of the opinion that the burden of proving the validity should be on the defendant and that the defendant had failed to meet this burden, the Court is of the opinion that the plaintiff's cause of action is barred by laches. The three year limitation period of the Jones Act has been employed as a yardstick in determining what constitutes laches. Flowers v. Savannah Machine & Foundry Co., 310 F.2d 135 (5th Cir. 1962). Once the applicable period of limitations has run, there arises a presumption that the defendant has been prejudiced by delay, and the burden shifts to the plaintiff to show an excusable basis for the delay and an absence of prejudice to the de-

1. Wooten v. Skibs A/S Samuel Bakke, 431 F.2d 821 (4th Cir. 1969), holds that the burden of proving a maritime release is part of the general law of admiralty applicable to seamen and longshoremen. However the release in *Wooten* was based upon a mutual mistake of fact, which alone would be sufficient to set aside the release. The Court in *Wooten* also states that since plaintiff is a longshoreman working on board a ship in navigable waters, he is entitled to the seaman's traditional and statutory protections, citing Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946). The *Sieracki* case extended the doctrine of unseaworthiness to longshoremen, but by amendment to the Longshoremen's and Harbor Workers' Compensation Act, Congress has expressly abolished this doctrine with respect to longshoremen. The protections afforded seamen and longshoremen differ in many respects, and the Court is of the opinion that these differences are based upon sound reasoning.

**1158**

fendant. Muller v. Lykes Bros. Steamship Co., Inc., 337 F.Supp. 700 (E.D.La. 1972). There has been an eight (8) year lapse between the plaintiff's injury and his filing of this suit, so the burden is on the plaintiff to rebut the presumption of laches.

■ Plaintiff offered no evidence at trial that would establish an excuse for his delay in bringing suit, with the exception of evidence that he did not fully understand his legal rights against the vessel. However, plaintiff also testified unequivocally that he intended to release the ship at the time he signed the release. Where the defense of laches is raised, the ignorance of one's legal rights does not excuse a failure to institute suit. This principle is applicable not only to ignorance of substantive legal rights but also to ignorance of the procedures of law by which a more favorable doctrine of substantive law can be sought. Marrero Morales v. Bull Steamship Co., 279 F.2d 299 (1st Cir. 1960).

■ The plaintiff has also failed to rebut the presumption of prejudice to the defendant. On the contrary, the evidence shows that one of the winch operators and the person who took the release from the plaintiff are now dead. Of the witnesses to the accident who did testify, several could not remember the circumstances due to the eight year delay in bringing the suit. Since there was an inexcusable delay in filing suit and plaintiff has clearly failed to meet his burden of overcoming the presumption of prejudice to the defendant, plaintiff's suit is barred by laches.

Since plaintiff's suit is barred both by laches and by the valid release he executed, the Court need not pass on the issue of liability. This decision, however, should not be construed as precluding plaintiff from continuing to draw any compensation which he is entitled to under the Longshoremen's and Harbor Workers' Compensation Act.