812 P.2d 1087

**In re the MARRIAGE OF Audrey Marie FLYNN, Petitioner/Appellee,**

**and**

**Burnace L. Rogers, Jr., Respondent/Appellant.**

**No. 2 CA–CV 90–0195.**

Court of Appeals of Arizona, Division 2, Department B.

Jan. 31, 1991.

Review Granted July 10, 1991.

---

David H. Lieberthal, Tucson, for petitioner/appellee.

Curtis & Cunningham by Marjorie Fisher Cunningham, Tucson, for respondent/appellant.

## OPINION

HOWARD, Judge.

This is an appeal from the trial court's judgment finding that appellee was entitled to 49 percent of appellant's military retirement benefits and the award of a judgment in appellee's favor in the sum of $35,834.37. Appellant concedes that appellee is entitled to 49 percent of his military pension, but contends that the trial court abused its discretion in not applying the doctrine of laches and in granting complete retroactivity. We agree and reverse with directions.

The parties were married in March 1958 and divorced on September 28, 1981. At the time of the dissolution, appellant was receiving his military retirement benefits. The decree was silent as to these benefits, both parties believing that they belonged solely to appellant. After the dissolution, appellee received spousal maintenance until she remarried in June 1982. Appellant remarried in February 1983.

Both parties were employed at the time of the dissolution. He was working for IBM. In 1989 he accepted a "buyout" from IBM which was closing its Tucson plant. She was working at Davis–Monthan Air Force Base and later worked at IBM until she left for health reasons.

Appellant spent the military retirement benefits he received to meet his living expenses. Appellee was divorced again in 1985, experienced some financial difficulties and was financially aided by appellant during this time at the behest of their children. Although at one time a friend had mentioned the possibility of her receiving part of appellant's retirement benefits, appellee did not believe she had a right to any of them until she consulted an attorney in 1989 on another matter.

This is another one of those "window period" cases created by Congress in enacting the Uniformed Services Former Spous-

es' Protection Act (USFSPA), 10 U.S.C. § 1408. In *Beltran v. Razo*, 163 Ariz. 505, 788 P.2d 1256 (App.1990), we held that the trial court abused its discretion by not dividing the military pension benefits that were received and payable after the date the wife filed her order to show cause. We also stated: "However, the equitable defense of laches is available to prevent unfairness to a spouse who may have spent the money in reliance on the judgment. In such instances, the court may deny complete retroactivity and then proceed to divide the funds from the date of the petition to divide."

■ For the doctrine of laches to apply there must be an unreasonable delay *after knowledge of the facts* which works a hardship. *Summit Properties, Inc. v. Wilson*, 26 Ariz.App. 550, 550 P.2d 104 (1976); *Maricopa County v. Cities and Towns of Avondale, etc.*, 12 Ariz.App. 109, 467 P.2d 949 (1970). However, ignorance of the law or legal rights will not excuse a delay in suing. *Harris v. Lykes Bros. Steamship Co., Inc.*, 375 F.Supp. 1155 (E.D.Texas 1974); *Baskin v. Tennessee Valley Authority*, 382 F.Supp. 641 (M.D.Tenn.1974), aff'd 519 F.2d 1402 (6th Cir.1975); *Marrero Morales v. Bull Steamship Co.*, 279 F.2d 299 (1st Cir.1960); *Morales v. Moore–McCormack Lines, Inc.*, 208 F.2d 218 (5th Cir.1953); *Ramos v. Continental Ins. Co.*, 493 F.2d 329 (1st Cir.1974); 30A C.J.S., Equity § 128(f), 87 (1965). Appellee's reliance on *Jerger v. Rubin*, 106 Ariz. 114, 471 P.2d 726 (1970) is misplaced. There, the court, in discussing the doctrine of laches, stated that: "... the delay must come after the party against whom the defense is asserted becomes aware of or has knowledge of, his *right*." (Emphasis added.) 106 Ariz. at 117, 471 P.2d at 729. It is clear from a reading of the case that the court is referring to the facts which gave rise to a right and not knowledge of the law or legal rights.

■ Appellee also refers us to *Henn v. Henn*, 26 Cal.3d 323, 161 Cal.Rptr. 502, 605 P.2d 10 (1980) to support the trial court's conclusion. In *Henn*, the court reversed a judgment which denied retroactivity. How-

ever, the appellate court sent a loud and clear message to the trial court that if the husband treated the asset as his separate property and disposed of it according to his needs, the doctrine of laches should be applied to prevent collection of the sums that have been already spent:

> If Helen is allowed to recover her share of the pension payments received by Henry between 1971 and the initiation of the present action, a problem may arise. It may be substantially more burdensome for Henry to account for the pension payments he has received since the 1971 division of community assets that [sic] it would have been for him to have complied with a partition effected at that time. *Henry is likely to have treated the asset as his separate property and disposed of it accordingly to his needs. The court is confident that this problem may be adequately addressed under the defense of laches. The exercise of a court's authority to so limit equitable relief will provide litigants with an additional incentive to assert all tenable community property rights in assets known to exist at the time of the initial judicial distribution of the marital community.*

(Emphasis added.) 26 Cal.3d at 332–33, 161 Cal.Rptr. at 507, 605 P.2d at 15.

The facts of this case mandate the application of the doctrine of laches and the trial court abused its discretion in awarding appellee retirement pension received by the husband prior to the date of her petition and order to show cause requesting a division of the military retirement pension.

The judgment of the trial court is reversed with directions to enter a judgment awarding appellee her share of the military retirement pension prospectively from the date of her petition and order to show cause. It is ordered that the parties bear their own attorney's fees on appeal.

FERNANDEZ, C.J., and ROLL, P.J., concur.