BASHAM *v.* PENNSYLVANIA RAILROAD CO.

No. 512. Argued March 19, 1963.—Decided April 15, 1963.

*Ira Gammerman* argued the cause and filed a brief for petitioner.

*David J. Mountan, Jr.* argued the cause and filed a brief for respondent.

PER CURIAM.

Petitioner, a car repairman employed by respondent railroad, brought this suit under the Federal Employers' Liability Act, 35 Stat. 65, as amended, 45 U. S. C. § 51 *et seq.,* in the Supreme Court of the State of New York to recover damages for personal injuries sustained as a result of respondent's alleged negligence. A jury verdict for petitioner was set aside by the trial judge on the ground that negligence was not established. The Appellate Division affirmed without opinion, one judge dissenting, 10 App. Div. 2d 948, 201 N. Y. S. 2d 362, and the Court of Appeals affirmed, also without opinion, 11 N. Y. 2d 991, 183 N. E. 2d 704. This Court granted certiorari, 371 U. S. 860, to consider the propriety of the trial judge's action.

At the time of the accident, petitioner was working on a hoist platform located in a work pit underneath a railroad car on which new wheels were being installed. He testified that as he was lifting a 100-pound wheel spring

into position the platform moved, causing him to drop the spring on his left index finger which, as a consequence, was amputated. Petitioner's version of the accident was confirmed by a co-worker who testified that he saw the platform move at the time of the injury. Petitioner offered additional evidence that prior complaints had been lodged with respondent about platform movements in similar and adjacent repair pits in which fellow employees were working and that safety equipment preventing platform movements had been installed in one of the adjacent pits but not in the pit where the accident occurred.

Respondent introduced evidence that it was physically impossible for the accident to have happened in the manner claimed by petitioner, that the platform was virtually immovable, and that the equipment installed in the adjacent pit was put there to assure that the platform was in position when the men went to work and had nothing to do with the movement of the platform during the process of installing new wheels.

The conflict in the testimony was resolved by the jury's verdict in favor of the petitioner. Since there was an evidentiary basis for that verdict, it was error for the New York trial and appellate courts to reevaluate the conflicting evidence and mandate a result opposite from that reached by the jury.

In *Lavender* v. *Kurn*, 327 U. S. 645, also an F. E. L. A. action, the employer argued, as does respondent here, that its evidence tended to show it was physically impossible for its equipment to have injured the employee. There, as in this case, the suing employee offered evidence that the injury was the result of equipment failure. In reversing a state court judgment setting aside a jury verdict for the employee, this Court said, in language fully apposite here: "Only when there is a complete absence of probative facts to support the conclusion reached [by the

jury] does a reversible error appear. But where, as here, there is an evidentiary basis for the jury's verdict, the jury is free to discard or disbelieve whatever facts are inconsistent with its conclusion. And the appellate court's function is exhausted when that evidentiary basis becomes apparent, it being immaterial that the court might draw a contrary inference or feel that another conclusion is more reasonable." 327 U. S., at 653.

Since, in this case, petitioner's evidence, though disputed, constituted probative facts sufficient to support the finding of negligence, the state courts improperly invaded the function and province of the jury in setting the verdict aside. *Rogers* v. *Missouri Pacific R. Co.,* 352 U. S. 500.

The judgment of the New York Court of Appeals is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*

MR. JUSTICE HARLAN, dissenting.

This is a run-of-the-mill negligence case, presenting no new question of law or departure from established legal principles. The only question is whether there was enough evidence to take the case to the jury.

A total of 12 New York Judges—one at *nisi prius,* four on the Appellate Division (a fifth dissenting), and seven on the Court of Appeals—have held that the evidence was not sufficient to warrant submission of the case to the jury.

To bring such a case here for further review by nine more Justices seems to me a most futile expenditure of judicial time. Having reflected on the oral argument, briefs, and record, I conclude that the only premise on which this reversal can be justified is that anything a jury says goes.

I would affirm the judgment below.