Catherine McLAUGHLIN, Administratrix Ad Prosequendum of the Estate of Hugh J. McLaughlin, Deceased,

v.

EASTERN ENGINEERING CO., Inc.

Civ. A. No. 26457.

United States District Court
E. D. Pennsylvania.
June 28, 1963.

Milton M. Borowsky, Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Howard R. Detweiler, Philadelphia, Pa., for defendant.

CLARY, Chief Judge.

This case is now before the Court for disposition of defendant's motion for judgment non obstante veredicto. The plaintiff instituted suit seeking recovery for injuries to, and the death of, her husband who was employed by defendant as an oiler on the Dredge "Queen".

At trial, the jury returned a verdict in favor of the plaintiff, specifically finding that the injury was due to the defendant's negligence, and to its failure to furnish safe and seaworthy equipment.

Plaintiff's case can be summarized as follows: The deceased, in the course of his duties, was occasionally required to help place a fifty-five gallon oil drum, weighing about 400 pounds, on a cradle so that oil could be drawn from it. He performed this task on Saturday, September 21, 1957, and that night complained of a neck pain. By the next day

his arms had become paralyzed and numb.

Subsequent medical examination and treatment failed either to establish the nature of this condition or to rectify it. Finally, in an effort to make a definitive diagnosis, the spinal cord was surgically exposed and examined, at which time the cord was found to be atrophied in the area of the neck. A few days after the surgery, November 21, 1957, the patient suffered a pulmonary embolism and died.

One doctor testified that in his opinion the strain of lifting the drum caused a vascular lesion which brought about the condition. Two other highly qualified physicians, including the neurosurgeon who observed the spinal cord, refused so to testify but did say that this result was "possible". Accordingly, I find that there was enough evidence to warrant submission of the question of causal relationship to the jury.

■ Defendant also contends that the evidence was insufficient to support a finding of unseaworthiness and negligence. Plaintiff's evidence shows that the moving of the drum was done by two men and that it required heavy physical exertion, particularly on the part of the man who lifted the drum from the bottom, as decedent was required to do on the last day he worked.

■ At one time a hand pump had been employed to extract the oil, thus eliminating the necessity of moving and lifting the drum. However, for some unexplained reason, (see N.T. 62, 74), this pump was no longer available. There was also evidence that a drum cradle was available at small cost which was designed so as to enable this operation to be performed by one man exerting 100 pounds of effort. But the fact that there were easier methods of handling these drums is not relevant to the question of whether the defendant should have reasonably foreseen that the exertion required of the decedent created an unreasonable risk of injury. The law can require the taking of precautions only where there is a foreseeable unreasonable risk.

This record contains little evidence bearing on this question of foreseeability. While defendant's employees regularly handled drums in this manner, there is no evidence of any other mishaps. There is not even any satisfactory evidence of how much effort was required. Plaintiff has shown only that the drum weighed about 400 pounds, and that lifting it onto the cradle demanded heavy physical work.

If I were the trier of fact on this issue, I would conclude that plaintiff has shown only that hard work was necessary, as it is in many maritime activities. I am certainly not satisfied that plaintiff has sustained her burden of proving by a preponderance that the work was too hard, or that serious injury was within the ambit of foreseeable risk, so as to impose a duty upon the defendant to supply a better way of operating.

I find myself in the difficult position described in 6 Villanova Law Review, 549, at 559. Considering the well-known trend of current authorities in seamen and F. E. L. A. cases, I feel I must disregard my own considered conviction that the verdict on this issue is factually incorrect. Conner v. Butler, 361 U.S. 29, 80 S.Ct. 21, 4 L.Ed.2d 10 (1959); Harris v. Pennsylvania R. R. Co., 361 U.S. 15, 80 S.Ct. 22, 4 L.Ed.2d 1 (1959); Ferguson v. Moore-McCormack Lines, 352 U.S. 521, 77 S.Ct. 457, 1 L.Ed.2d 511 (1957); Rogers v. Missouri Pacific R. R. Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957); Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916 (1946); Basham v. Penna. R. R. Co., 372 U.S. 699, 83 S.Ct. 965, 10 L.Ed.2d 80 (1963); Gallick v. Baltimore & Ohio Rwy. Co., 372 U.S. 108, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963). The rule of law which can be gathered from these cases seems to be that where there is *any* evidence of *possible* risk, the Court is required to leave the questions of negligence and unseaworthiness to the jury for decision. The motion must be denied.