Joseph C. **TUCKER**, Plaintiff-Appellee,

v.

**BETHLEHEM STEEL CORPORATION** et al., Defendants-Appellants.

No. 30062.

United States Court of Appeals, Fifth Circuit.

May 28, 1971.

Rehearing Denied July 2, 1971.

Curtis R. Boisfontaine, Edward P. Lobman, of Sessions, Fishman, Rosenson, Snellings & Boisfontaine, New Orleans, La., for Bethlehem Steel Corp.

Chester A. Eggleston, T. A. of Slavich & Eggleston, New Orleans, La., for plaintiff-appellee.

Sam A. LeBlanc, III, Donald V. Organ, Donald M. Pierce, New Orleans, La., Wilson C. Krebs, Patterson, La., for other interested parties.

Before JOHN R. BROWN, Chief Judge, WISDOM and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Joseph Tucker was injured while welding on an oil drilling barge which was being built by the Bethlehem Steel Corporation for Kerr-McGee Oil Industries, Inc. He was employed by an independent contractor doing work for Kerr-McGee.

The case was tried to a jury. In answer to interrogatories the jury found that Bethlehem was negligent, that its negligence was the proximate cause of Tucker's injury, that neither Kerr-McGee nor Tucker was negligent, and that Tucker's damages were $43,000.00.

Bethlehem seeks a reversal on three grounds: (1) there was insufficient evidence to support the verdict; (2) the trial judge gave an erroneous and prejudicial charge to the jury; and (3) the judgment was excessive. A careful review of the record reveals that Bethlehem's assertions are without merit. We therefore affirm the judgment.

I. Sufficiency of the Evidence

According to plaintiff's testimony, his injury occurred when he was at work in the mud room of the barge. He was lying on his stomach on top of a horizontal pipe with his arms stretched down between the pipes using a welding "arc" to weld together pieces of pipe which were below him. Suddenly he was engulfed in a shower of sparks which were coming from a bulkhead three or four feet away. These sparks burned him behind the left knee and on the left side and leg.

He testified that he had been burned by welders who were cutting through

the bulkhead from the other side. He had warned them "to watch where they were blowing their sparks" before he started to work. It was conceded that any such welders would be Bethlehem employees.

Bethlehem sought to discredit this testimony with evidence that all of the holes in the bulkheads surrounding the area in which Tucker was working had been cut long before the date of the alleged injury, that the mud room had been completed prior to the date of Tucker's work, that there were no other welders in the area at the time, and that Tucker had burned himself.

Plaintiff relied almost exclusively on his own testimony to establish the circumstances surrounding his injury. Not everyone would have believed him. The jury did.

Resolving in plaintiff's favor the credibility issue as to the presence of Bethlehem's welders in the area, the jury could reasonably infer that the negligence of these welders was the proximate cause of plaintiff's injuries. Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir. 1969); Wells v. Warren Company, 328 F.2d 666 (5th Cir. 1961); Continental Ins. Co. of N. Y. v. Sherman, 439 F.2d 1294 (5th Cir. 1971).

Bethlehem raised serious doubts as to the credibility of Tucker's testimony. The exact function of the jury is to resolve such serious doubts. It was the jurors' job in the judicial processing of this case to determine whether Tucker's testimony should be believed, or the evidence offered by the defendant. They could not believe both. They believed Tucker, and that ends it. Given an apparent evidentiary basis for the verdict, i. e., Tucker's testimony, the appellate court's function is exhausted, "it being immaterial that the court might draw a contrary inference or feel that another conclusion is more reasonable." Lavender v. Kurn, 327 U.S. 645, at 653, 66 S. Ct. 740, at 744, 90 L.Ed. 916 (1946); Basham v. Pennsylvania R. Co., 372 U.S. 699, 83 S.Ct. 965, 10 L.Ed.2d 80 (1963); Tennant v. Peoria and P. U. R. Co., 321

U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520 (1944).

## II. The Jury Charge

In one portion of his charge to the jury, the trial judge made the following statement:

"In connection with your deliberations *on negligence*, it is appropriate for me to tell you that the owner of a vessel owes to those persons coming aboard in furtherance of the ship's business a duty to provide them with a reasonably safe place to work and the duty to maintain the area in which they work in a reasonably safe and proper condition." [Emphasis added].

Accepting Bethlehem's argument that it was not the owner of the vessel and that the duty to furnish workers a safe place to work was not applicable to it does not lead to reversible error.

Kerr-McGee, who owned the barge, was still in the case. The instruction was a correct statement of the law that could be applicable to the owner, even though the claim of unseaworthiness had been struck from the case without objection, the vessel not having been placed in navigation. West v. United States, 361 U.S. 118, 80 S.Ct. 189, 4 L.Ed.2d 161 (1959).

It must be presumed that the jury found the facts correctly as to the ownership, and that having done so, it would consider the instructed duty concerning a safe place to work only in connection with its deliberation on negligence of the owner, Kerr-McGee. L'Urbaine Et La Seine v. Rodriguez, 268 F.2d 1 (5th Cir. 1959); Little v. Green, 428 F.2d 1061 (5th Cir. 1970), cert. den. 400 U.S. 964, 91 S.Ct. 366, 27 L.Ed.2d 384 (1971).

Bethlehem argues that this imposed absolute liability if the jury found anything unsafe about the structure. However, the charge was specifically related to the consideration of negligence. The point was not argued to the jury by counsel at all. The jury found that Kerr-McGee was not negligent. It does not appear that this charge misled the

jury in any way as to the case against Bethlehem.

### III. Excessiveness of Verdict

 Bethlehem seeks a new trial, or alternatively a remittitur, on the ground that much of plaintiff's injuries were caused by his own failure to obtain immediate medical attention. There was sufficient evidence to support the jury's contrary finding.

In any event, Bethlehem argues, the award of $43,000.00 was manifestly excessive as a matter of law. We disagree.

As a result of plaintiff's injuries, he sustained over one year and seven months of lost wages. At the time of the accident, he had an established earning capacity of $800.00 per month. Therefore, his past loss of earnings were in the amount of $15,200.00. His medical expenses amounted to more than $3,000.00. Thus, his special damages were over $18,000.00.

Plaintiff was unsuccessfully treated by physicians for the burns and infection. He was hospitalized for about forty days. He developed a staph infection and was transferred to another doctor who treated plaintiff over a period of months. He was hospitalized in an infirmary for twenty days while undergoing skin grafts. After his release, he continued to have outbreaks of staph infection and his knee operation was postponed due to that fact. He was finally operated upon for a torn cartilage and thereafter he was able to return to work.

The trial court's refusal to grant remittitur will not be reversed unless the jury's award of damages is contrary to all reason, Gorsalitz v. Olin Mathieson Chemical Corp., 429 F.2d 1033 (5th Cir. 1970), or is so excessive as to shock the conscience of the court. Massachusetts Bonding and Insurance Co. v. Abbott, 287 F.2d 547 (5th Cir. 1961); Century "21" Shows v. Owens, 400 F.2d 603 (8th Cir. 1968); Boston and Maine Railroad v. Talbert, 360 F.2d 286 (1st Cir. 1966). The verdict in this case does not meet these tests.

It is equally well settled that when damages are alleged to be excessive the decision to grant or deny a new trial lies within the discretion of the trial judge. His decision will be overturned only on a showing of grave abuse of discretion. Rosiello v. Sellman, 354 F.2d 219 (5th Cir. 1965); Brown v. Louisiana & Arkansas Railway Co., 429 F.2d 1265 (5th Cir. 1970); Troutman, Jr. v. Southern Railway Co., 441 F.2d 586 (5th Cir. 1971). No such abuse of discretion has been shown here.

We find nothing in the record of this case that justifies any change by the Court in the determinations of the jury.

Affirmed.