884

Leroy PELLEGRIN, Plaintiff-Appellee,

v.

J. RAY McDERMOTT & CO., INC., and
Travelers Insurance Company,
Defendants-Appellants.

No. 74–2730

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 22, 1974.

Frank C. Allen, Jr., New Orleans, La., for defendants-appellants.

Darryl J. Tschirn, Gothard J. Reck, Metairie, La., for plaintiff-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

This appeal is taken from a jury verdict in favor of Appellee Pellegrin, a seaman who received hand injuries while working in the employ of Appellant McDermott & Company. The jury found McDermott liable for Jones Act negligence and unseaworthiness under general maritime law and awarded Pellegrin $55,000 in damages. McDermott and its insurer, Travelers Insurance Company, filed motions for a new trial or for a remittitur, contending the verdict was not supported by the evidence. They appeal from the court's denial of those motions. Finding no error, we affirm.

Pellegrin was employed as a helper on McDermott's lay barge and at the time of his injury was responsible for carrying dope, a hot tar-like substance, from a dope pot to a pipe mold. While he was refilling the dope bucket, hot dope poured rapidly out of the pot, overflowed from the bucket and burned Pellegrin's hand and wrist, causing second and third degree burns.

We do not agree with McDermott and Traveler's contention that the court erred in refusing to grant a

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

new trial because of insufficient evidence to sustain the jury's findings of negligence and unseaworthiness. The jury heard evidence that Pellegrin was given short, loose fitting asbestos gloves in order to protect his hands. When the door to the dope pot, operated manually by another employee, was opened, the dope came out so fast it filled the bucket and overflowed into the gloves Pellegrin was wearing. The accident occurred shortly after the crew had supper; during supper the pot had been left unattended, allowing the dope to remain cooking. Given what we perceive to be an adequate evidentiary basis for the jury's findings, our function is exhausted. Tucker v. Bethlehem Steel Corporation, 5 Cir., 1971, 445 F.2d 390, 392.

Appellants also contend a new trial, or alternately, a remittitur, should have been granted on the ground that the jury verdict was excessive. We do not agree. Pellegrin suffered severe hand burns and underwent medical treatment over a month and a half period. Three visits were necessary for removal of the dope imbedded in Pellegrin's skin. Further, the evidence indicated the injuries left Pellegrin without normal grip strength. Additional damage elements such as pain and suffering and reduced earning capacity as well provide an evidentiary basis for the jury verdict. The granting or denial of a new trial on the ground of excessive or inadequate damages is a matter of discretion with the trial court, not subject to review except for grave abuse of discretion. Rosiello v. Sellman, 5 Cir., 1965, 354 F.2d 219. Where the jury as primary factfinder awards a certain measure of damages and the court refuses to upset that finding, we are not at liberty to reverse those decisions absent a definite finding of error. Gorsalitz v, Olin Mathieson Chemical Corporation, 5 Cir., 1970, 429 F.2d 1033, 1045, modified, 456 F.2d 180 (1972), cert. denied, 407 U.S. 921, 92 S.Ct. 2463, 32 L.Ed.2d 807 (1972).

Appellants finally argue that certain prejudicial remarks during closing argument denied them a fair trial. We find no merit in this contention.

Affirmed.