James David EDWARDS,
Plaintiff-Appellant,

v.

WESTERN & ATLANTIC RAILROAD,
Defendant-Appellee.

No. 75–2850.

United States Court of Appeals,
Fifth Circuit.

May 13, 1977.

Rehearing Denied June 24, 1977.

T. J. Lewis, Jr., Atlanta, Ga., for plaintiff-appellant.

Hugh M. Dorsey, Jr., Richard M. Kirby, Atlanta, Ga., for defendant-appellee.

Before MORGAN and FAY, Circuit Judges, and HUNTER,* District Judge.

PER CURIAM:

Plaintiff James David Edwards, a railroad switchman, sued his employer, defendant Western & Atlantic Railroad, under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* Plaintiff alleged that the railroad's negligence in maintaining a path next to some railroad tracks had caused injury to his ankle when he climbed off a train to throw a switch and stepped on a rock.

The railroad denied liability on the ground, inter alia, that plaintiff had accepted a settlement from the railroad and had executed an instrument releasing the railroad from further liability for the injury. Plaintiff sought to avoid the release on the ground that the parties had executed it under a mutual mistake as to the nature and severity of the injury.

After discovery, the railroad moved for summary judgment. The district court granted the motion in a written order, holding that there was no disputed issue of material fact and that as a matter of law there was no mutual mistake. Record at 97–102. Plaintiff appeals.

Upon careful examination of the record, we affirm. The undisputed facts show, at most, a mistake as to the expected course of healing of plaintiff's injury, and not as to its nature. Such a mistake is not sufficient to avoid the release. *See Robertson v. Douglas Steamship Co.*, 510 F.2d 829, 836 (5th Cir. 1975); *Heston v. Chicago and North Western R. Co.*, 341 F.Supp. 126 (N.D.Ill.1972).

AFFIRMED.

---

* Senior District Judge of the Western District of Louisiana, sitting by designation.