INDEPENDENT CONSTRUCTION
COMPANY, Plaintiff,

v.

Steve MATHIS, etc., Defendant.

No. CIV–2–76–161.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Jan. 30, 1978.

David W. Blankenship, Kingsport, Tenn., for plaintiff.

William T. Wray, Jr., and Edwin L. Treadway, Kingsport, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The jury herein found for the defendant.[1] The plaintiff moved timely to have such verdict and the judgment entered thereon set aside and to have judgment entered in accordance with its motion for a directed verdict, Rule 50(b), Federal Rules of Civil Procedure, or, in the alternative, for the Court to grant it a new trial, Rules 59(a), (b), Federal Rules of Civil Procedure. There is no merit to such motion in either of its alternatives, and it hereby is

DENIED.

"* * * 'The applicable judicial standard to determine the correctness of the denial of a directed verdict and a judgment notwithstanding the verdict is the same, since the motion for a judgment notwithstanding the verdict merely renews an earlier motion for a directed verdict.' * * *" *Holt v. Continental Insurance Company,* D.C.Tenn. (1970), 325 F.Supp. 283, 284, affirmed, C.A. 6th (1971), 440 F.2d 652. Motions by a plaintiff for a directed verdict and a judgment notwithstanding the verdict should be denied where it cannot be said under the evidence that the defendant has shown no defense. *Wilkin v. Sunbeam Corporation,* C.A. 10th (1967), 377 F.2d 344, 347[6], certiorari denied (1967), 389 U.S. 973, 88 S.Ct. 472, 19 L.Ed.2d 464.

The plaintiff showed in the evidence substantial evidence of a prima facie case of proximate negligence and breach of contract by the defendant's personnel, and the defendant showed a substantial defense. The evidence was in extreme conflict. It is believed that, under the following fair summary of all the evidence adduced on the trial, the jury could have decided for either party.

The plaintiff was to provide the steel for the defendant to erect and with bolts to tie the steel-members together both temporarily and permanently. The practice in erecting structural steel is for the steel-members to be hoisted into place by means of a crane, for the erector to tie those members together temporarily with a minimal number of bolts, and for a bolting-crew of the erector to follow-along seasonably and add sufficient bolts to complete the tying of the members and render the structure sufficiently strong to stand.

1. The jury reported its verdict after deliberating herein only 46 minutes.

## 20

The plaintiff provided the defendant on occasions with bolts of a smaller size than was required to accomplish this tying properly; the defendant failed to "man" the job properly; and the final bolting of the steel-members was less expeditious than it should have been. It was the further practice in erecting structural steel for the erector to support the steel walls being erected with adequate guy-wires until those walls were made sufficiently strong to support themselves.

The foregoing combination of negligent and breaching conduct left the partially-erected structure so weak that, if a sufficient vibration were set-up in the structure, it would be liable to collapse at the point of that vibration and pull-down adjoined steel-members. The plaintiff required the defendant's crane operator to hoist steel-members through a comparatively narrow opening (for such purposes) in the inner portion of the structure. In the process of hoisting a steel-member, the defendant's crane operator allowed that steel-member to swing into and strike a portion of the emplaced steel. This striking set-up a vibration in the emplaced steel, pulling loose the steel-members from adjoining steel-members, creating "a domino effect" and pulling-down a substantial number of the steel-members in the structure.

■ It was incumbent upon the plaintiff to have proved the negligent and breaching conduct of the defendant's personnel, and that such conduct was a proximate cause of its resulting damage. As stated, and as is reflected in the foregoing summarization of the evidence, the defendant offered a defense to the plaintiff's claim of its proximate negligence and contract breach. So, there was evidentiary support for the jury's verdict for the defendant, and there would have been evidentiary support for a verdict by the jury for the plaintiff. Under this state of the evidence, a directed verdict for either party was unwarranted, and there is no warrant for the plaintiff's motion now for a judgment notwithstanding the verdict.

■ Neither is there reason for the Court, in the exercise of its discretion, to grant the plaintiff a new trial. Where a conflict in the evidence has been resolved by the jury's verdict, and there is an evidentiary basis for that verdict, it would be error for the Court to reevaluate the conflicting evidence and mandate a result opposite from that reached by the jury by granting a new trial. *Basham v. Pennsylvania Railroad Company* (1963), 372 U.S. 699, 700–701, 83 S.Ct. 965, 966–977[2], 10 L.Ed.2d 80. It was the opinion of one structural engineer that the collapse of the steel in this structure was caused by something striking a cross-member and then pulling the other members down. But, another structural engineer was of the opinion that a specific cause of the collapse could not be given, although he thought weakness in the assembly of the structure at a source of vibration (such as a piece of steel striking the emplaced steel, which could have set-up a vibration) was the probable cause of the collapse. Again, only the fact-finders could resolve the proximate cause of the damage herein.

The plaintiff assigned errors on the part of the Court and misconduct of the jury. None of these is meritorious.

■ The plaintiff offered no objection to the construction the Court placed upon the clear and unambiguous language of the contract of the parties before the jury retired to consider its verdict, so the plaintiff may not now assign as error the Court's rejection as an exhibit of the written memorandum of the parties' contract. Rule 51, Federal Rules of Civil Procedure. In any event, " * * * the construction of a contract is a question of law for the [C]ourt to decide, * * * and when clear and unambiguous language is at issue, it is reversible error to leave such questions for the jury. * * * " *Haskins v. Point Towing Co.* (1970), C.A. 3d (1970), 421 F.2d 532, 536[3], certiorari denied (1970), 400 U.S. 834, 91 S.Ct. 68, 27 L.Ed.2d 66.

■ There was no error in the Court's refusing the plaintiff's special request to instruct the jury additionally on the doc-

trine of *res ipsa loquitur* after the plaintiff adduced evidence of specific acts of negligence on the part of the defendant's personnel. " * * * [T]he doctrine does not generally apply where specific acts of negligence are alleged and where evidence in support of such allegations is presented. * * * " *Brown v. University Nursing Home, Inc.*, C.A.Tenn. (1972), 496 S.W.2d 503, 509[7, 8], certiorari denied (1973). Such evidence related to the specific act of negligence of the defendant's crane operator Mr. Kenneth Lawing in swinging a steel-member being hoisted through an opening in the structure against emplaced steel trusses. This purported to furnish a full and complete explanation of the occurrence herein.[2] See Prosser, Law of Torts, (4th ed., 1971), 232, § 40.

█ This Court has a standing order prohibiting counsel from contacting or otherwise questioning jurors posttrial except with the advance permission of, and under the close supervision of any interrogation of them by, the Court. A public injury would result if jurors were permitted to testify posttrial regarding what happened in the jury room. *Kilgore v. Greyhound Corp., Southern Greyhound Lines*, D.C.Tenn. (1962), 30 F.R.D 385, 387–388[6]. Accordingly, the Court will not grant a new trial on the plaintiff's ground of some unspecified unlawful misconduct of the jurors in their deliberations herein.

█ Finally, this Court is precluded from adhering to the plaintiff's request that the trial judge grant a new trial in furtherance of his imagined capacity as an additional juror. " * * * The jury is the tribunal under our [federal] legal system to decide * * * issues involving controverted evidence. * * * " *Bailey v. Central Vermont Ry.* (1943), 319 U.S. 350, 353–354, 63 S.Ct. 1062, 1064[6], 87 L.Ed. 1444, citing *inter alia Jones v. East Tennessee V. & G. R. Co.* (1888), 128 U.S. 443, 445, 9 S.Ct. 118, 32 L.Ed. 478. " * * * To withdraw such a question from a jury is to usurp its func-

tions. * * * " *Idem.* The rule under state practice in Tennessee, that the trial judge is an additional juror and, unless satisfied with the verdict, should set it aside, does not exist in the federal courts sitting in Tennessee. *Werthan Bag Corp. v. Agnew*, C.A. 6th (1953), 202 F.2d 119, 122[3].

---

**2.** Although the Tennessee Supreme Court does not appear to have adopted this particular rule from Prosser, it is anticipated by this Court that, if confronted squarely with the issue, the Tennessee Supreme Court would follow this general rule in the law of torts.