Doyle H. JAYNES, Plaintiff,

v.

**LOUISVILLE AND NASHVILLE RAIL-ROAD COMPANY, et al., Defendants.**

No. CIV-2-80-95.

United States District Court,
E.D. Tennessee,
Northeastern Division.

June 24, 1981.

On Motion for Judgment Notwithstanding
Verdict Aug. 27, 1981.

Clarence E. Walker, Chattanooga, Tenn. and Sam Goldman, Miami Beach, Fla., for plaintiff.

Ferdinand Powell, Jr., Johnson City, Tenn. and Thomas J. Seeley, Jr., Erwin, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDERS

NEESE, District Judge.

This is an action by a former employee of the defendant railroad[1] to recover damages under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51 *et seq.,* 45 U.S.C. § 56. The defendant moved for a summary judgment on the ground that the claim of the plaintiff is barred by an accord and satisfaction. There being genuine issues of material fact extant between the parties concerning such affirmative defense, summary judgment is not appropriate. *See* Rule 56(c), Federal Rules of Civil Procedure.

It is undisputed that on May 6, 1977, in consideration of the sum of $1,312.00 paid to him by the defendant, the plaintiff Mr. Jaynes executed a document, agreeing to release the defendant from any claim arising out of the accident which forms the basis of this action. That release specifically encompassed " * * * injuries not now known whether or not the undersigned has been advised by doctors or others in any way."

---

1. In the interest of simplicity, the Court will refer to the defendants, in the singular, as the Clinchfield Railroad Company. *See* III(d), pretrial order herein of March 26, 1981.

The plaintiff seeks to avoid such release, by claiming that such was the result of a mutual mistake of the parties as to the nature of his injury. *Cf. Edwards v. Western & Atlantic R.,* C.A.5th (1977), 552 F.2d 137, 138 (a mutual mistake as to the expected course of healing of the plaintiff's injury, as opposed to a mutual mistake as to the nature of the injury, is not sufficient to avoid a release).

The record herein is akin to that before the court in *Taylor v. Chesapeake & Ohio Railway Company,* C.A.4th (1975), 518 F.2d 536. *See also Thompson v. Camp,* C.C.A.6th (1947), 163 F.2d 396, 400–401. In reviewing the granting by the District Court of the railroad's motion for summary judgment, the Court of Appeals stated succinctly the legal principles which govern this Court's consideration of Clinchfield's motion:

\* \* \* \* \* \*

It is axiomatic that summary judgment is never authorized if there is any genuine issue of fact between the parties and that, in determining whether there is any such issue, the facts, including any legitimate inferences therefrom, are to be viewed in the light most favorable to the opposing party. It is equally settled that the validity of a release attacked in a FELA case is governed by federal law, which recognizes mutual mistake as a ground for voiding a release. [Footnote references omitted.] \* \* \*

*Taylor v. Chesapeake & Ohio Railway Company, supra,* 518 F.2d at 536–537 [1, 2]. The question presented thus narrows to, whether there is " \* \* \* sufficient evidence in the record before the Court of mutual mistake to constitute a genuine issue of fact in the case? \* \* \* " *Ibid.,* 518 F.2d at 537.

Construing the record herein, including any legitimate inferences drawn therefrom, in the light most favorable to the plaintiff, it is possible to conclude that, on May 6, 1977, both Mr. Jaynes and Clinchfield's claim-agent assumed mistakenly that the plaintiff had suffered no serious or permanent injury.[2] There is evidence that some 10 days earlier Clinchfield's physician had released Mr. Jaynes to return to his work. Had these parties understood that the plaintiff's injury was other than minor " \* \* \* it would have been unlikely that a modest settlement, covering substantially little more than lost time to date, would have been made. \* \* \* " *Ibid.,* 518 F.2d at 538; *accord Thompson v. Camp, supra,* 163 F.2d at 401. These facts, and the reasonable inferences therefrom, are sufficient to raise a genuine issue of material fact as to the validity of the release upon which the defendant relies. *Taylor v. Chesapeake & Ohio Railway Company, supra.*

The motion of the defendant for a summary judgment hereby is

DENIED.[3]

It hereby is ORDERED that the trial of this action be bifurcated, so that the issue of the validity of the release will be tried first.[4] Rule 42(b), Federal Rules of Civil Procedure. If the jury finds the release to be invalid, then the trial of the remaining issues will proceed in the usual manner.

### On Motion For Judgment Notwithstanding Verdict

The defendant Clinchfield Railroad Company[1] (Clinchfield) moved timely for a judgment notwithstanding the verdict of the jury herein or, alternatively, for a new trial. Rules 50(b), 59(a), (b), Federal Rules of Civil Procedure. In support of such motion the defendant contends, as it did both

---

**2.** There is evidence in the record which reflects that, in fact, Mr. Jaynes' injury was serious and permanent.

**3.** Such ruling renders unnecessary the oral hearing requested by the plaintiff.

**4.** Of course, the release has *prima facie* validity, and the plaintiff " \* \* \* must bear the burden of showing that the contract he had made

is tainted with invalidity \* \* \* by a mutual mistake under which both parties acted. \* \* \* " *Callen v. Pennsylvania R. Co.* (1948), 332 U.S. 625, 630, 68 S.Ct. 296, 298[3], 92 L.Ed. 242.

**1.** As mentioned previously, the Court will refer to the defendants in the singular as the Clinchfield Railroad Company. *See* memorandum opinion and order herein of June 24, 1981, n. 1.

at trial and pretrial, that the claim of the plaintiff herein was barred, as a matter of law, because same had been released by him in a settlement and compromise thereof.

■ The Court continues to believe that there was ample evidence to raise a jury-question on the issue, whether that release was invalid as having been the product of a mutual-mistake-of-fact of the parties, and that there was sufficient evidence to support the verdict rendered by the jury. Accordingly, the motion of the defendant lacks merit in each such alternative.[2]

The evidence relating to the validity of the release was not in serious dispute; it was quite similar to the facts in other cases brought under the provisions of the Federal Employers' Liability Act, where a mutual mistake-of-fact served to set aside a release. *See ergo: Hogue v. Southern Railway Co.* (1968), 390 U.S. 516, 88 S.Ct. 1150, 20 L.Ed.2d 73; *Chicago & N.Y. Ry. Co. v. Curl,* C.A.8th (1949), 178 F.2d 497; *Thompson v. Camp,* C.C.A.6th (1947), 163 F.2d 396; *Washburn v. Terminal Railroad Ass'n of St. Louis,* C.A.Ill. (1969), 114 Ill.App.2d 95, 252 N.E.2d 389; *cf. Callen v. Pennsylvania R. Co.* (1948), 332 U.S. 625, 68 S.Ct. 296, 92 L.Ed. 242 and *Taylor v. Chesapeake & Ohio Railway Company,* C.A.4th (1975), 518 F.2d 536. The jury herein could have found easily, from the evidence before it, that at the time the plaintiff Mr. Jaynes and Clinchfield, through its claims agent Mr. Sams, executed the release, both such parties were acting under a mistake-of-fact as to the true nature of Mr. Jaynes' injury, in that they both thought the plaintiff had sustained no serious or permanent injury, whereas, in actuality, but unknown to either of them at the time, Mr. Jaynes had been injured permanently.[3]

Of particular significance to this issue, was the fact that the settlement " * * * was made almost entirely on the amount of time already lost [by Mr. Jaynes] from work. * * * " *Thompson v. Camp, supra,* 163 F.2d at 401. Had Clinchfield or Mr. Jaynes understood that his injury was other than minor, " * * * it would have been unlikely that a modest settlement, covering substantially little more than lost time to date, would have been made. * * * " *Taylor v. Chesapeake & Ohio Railway Company, supra,* 518 F.2d at 538. Upon an inquiry from the Court, Mr. Sams confirmed that he " * * * would have been talking in terms of more than $1,300 loss of time if it had been something more severe than a bruised

**2.** " * * * When reasonable minds can reach different conclusions, the issue of fact must be submitted to the jury. * * * " *Chandler v. Edgar W. Long, Inc.,* C.A.6th (1980), 623 F.2d 1139, 1142[2]. Once the jury resolves the issue of fact: " * * * Judgment notwithstanding the verdict is not proper unless the evidence is such that there can be but one reasonable conclusion as to the proper verdict. It should not be granted if there is a conflict in the evidence, and credibility of [the] evidence is not to be considered in passing on a motion for judgment. * * * " *Reeves v. Power Tools, Inc.,* C.A.6th (1973), 474 F.2d 375, 380[8], quoting with approval in *Scharfenberger v. Wingo,* C.A.6th (1976), 542 F.2d 328, 333[4]. Simply stated, the issue presented by a motion for a judgment notwithstanding the verdict is whether there was sufficient evidence to raise a question for the jury. *Warkentien v. Vondracek,* C.A.6th (1980), 633 F.2d 1, 6; *Scharfenberger v. Wingo, supra.*

" * * * Where a conflict in the evidence has been resolved by the jury's verdict, and there is an evidentiary basis for that verdict, it would be error for the Court to reevaluate the conflicting evidence and mandate a result opposite from that reached by the jury by granting a new trial. * * * " *Independent Const. Co. v. Mathis,* D.C.Tenn. (1978), 79 F.R.D. 18, 20[3], citing *Basham v. Pennsylvania Railroad Company* (1963), 372 U.S. 699, 700–701, 83 S.Ct. 965, 966–977[2], 10 L.Ed.2d 80.

**3.** The following language from an appellate court seems particularly applicable herein:

* * * The evidence was sufficient to justify the jury in finding that the release was given as the result of a mutual mistake as to the nature of the injury sustained. [The] evidence leaves little room for doubt that the physician who examined the [plaintiff] on behalf of the railway company, the claim agent who settled the claim, and the [plaintiff] honestly believed that [the plaintiff's] injuries were of minor character and that his complete recovery was assured for the immediate future. There was a mistake of both parties concerning a present fact material to the contract.

* * * * * *

*Chicago & N.W. Ry. Co. v. Curl, supra,* 178 F.2d at 501.

knee * * *," which had been diagnosed preliminarily by Clinchfield's physician.

Clinchfield continues to assert that a mutual-mistake as to the nature of Mr. Jaynes' injury would not render the release invalid, on its argument that such release provided specifically that it encompassed all injuries, both known and unknown. The reliance by Clinchfield on general state-law, as summarized in 76 C.J.S. 645, Release § 25, appears misplaced.

It is well-settled " * * * that validity of releases under the Federal Employers' Liability Act raises a federal question to be determined by federal rather than state law. * * * " *Dice v. Akron, C. & Y.R. Co.* (1952), 342 U.S. 359, 361, 72 S.Ct. 312, 314, 96 L.Ed. 398, 403 (headnote 1). Under the federal law, the use of such language in a release affords no defense if the release was founded on a mutual-mistake-of-fact. *Wooten v. Skibs A/S Samuel Bakke,* C.A.4th (1969), 431 F.2d 821, 822[1]; *Washburn v. Terminal Railroad Ass'n of St. Louis, supra,* 252 N.E.2d at 391[4]; see also *Thompson v. Camp, supra,* 163 F.2d at 399, where the release covered " * * * 'all injuries, including those that may hereafter develop as well as those now apparent' * * *," and also *Taylor v. Chesapeake & Ohio Railway Company, supra,* 518 F.2d at 537, where the release provided it was to include " * * * 'all injuries which are unknown * * and include[d] all consequences of such injuries which may hereafter develop as well as consequences now developed.' * * * "

The motion of the defendant, in each of its alternatives, hereby is

OVERRULED.