Calvin Coolidge **GREEN** and wife, Eula Green, and Willie Frank Green, Plaintiffs-Appellees,

v.

David L. **FRANCIS,** Harold Smith, Thomas Upchurch, Thomas C. Matthews, John T. Underwood and Herbert Cunningham, Defendants-Appellants.

No. 81–5870.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 1, 1983.

Decided April 22, 1983.

Rondal T. Wilson, William S. Russell (argued), Russell & Russell, Shelbyville, Tenn., for defendants-appellants.

Avon N. Williams (argued), Nashville, Tenn., for plaintiffs-appellees.

Before KRUPANSKY, Circuit Judge, PHILLIPS, Senior Circuit Judge, and HILLMAN,* District Judge.

PER CURIAM.

Defendants David L. Francis, Harold Smith, Thomas Upchurch, Thomas C. Matthews, John T. Underwood, and Herbert Cunningham appeal from the decision of the district court overruling their motion for judgment notwithstanding the verdict (j.n.o.v.) or alternatively for a new trial, in this civil rights action involving claims brought against them under the fourth and fourteenth amendments and 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988. They present two principal contentions on appeal: (1) that the district court erred in denying their motion for a j.n.o.v. or a new trial because there was insufficient evidence upon which to submit the case to the jury, or to support the verdict of the jury; and (2) that the district court erred in denying their motion for a new trial because the

* Honorable Douglas W. Hillman, Judge, United States District Court for the Western District of Michigan, sitting by designation.

jury verdict determining damages was so excessive as to show caprice and prejudice on the part of the jury. We hold that these contentions are without merit and affirm the decision of the district court, except for one small modification hereafter noted.

This civil rights action arose out of shocking incidents that occurred during September 1977, in a rural community of Bedford County, Tennessee. At that time, plaintiffs Calvin and Mrs. Eula Green, an elderly black couple, were involved in some very emotional litigation over a boundary line dispute with their white neighbors, Mr. and Mrs. Francis. On September 8, 1977, during a recess in the boundary dispute trial in the Chancery Court of Bedford County, Mr. and Mrs. Green found a Ku Klux Klan sticker on their mailbox stating, "The Knights of the Ku Klux Klan are watching you." Subsequently, on the evenings of September 20 and 21, sporadic gunfire was heard coming from the direction of the Francis' residence. On the evening of September 22 and through the early morning hours of September 23, the Greens' home was riddled by a heavily damaging and dangerous barrage of gunfire from several different types of lethal weapons. Their son, plaintiff Willie Frank Green, was chased and fired upon in his automobile by a group of people in a van while he was trying to obtain help for his parents. Several pleas for assistance were made by Mr. and Mrs. Green to the Bedford County Sheriff's Department, but very little was done by the sheriff and his two deputies to aid the Greens, or to investigate the incidents. Ultimately, Calvin and Mrs. Eula Green were driven from their home where they had resided for 30 years and have not since returned. Reference is made to the published opinion of District Judge Charles G. Neese for additional pertinent facts. 541 F.Supp. 863, 865–67 (E.D.Tenn.1981).

As a result of these events, plaintiffs Calvin Coolidge Green, Mrs. Eula Green and Willie Frank Green brought this action in the district court seeking compensatory damages, punitive damages, declaratory relief and injunctive relief for violations of their civil rights by the defendants acting individually and in conspiracy with each other. The original action was brought against the named defendants-appellants as well as against defendant David Williams, the Bedford County Sheriff; two of Williams' deputies; Mrs. Wilma Francis; Horace Thomas Garrett; and some other private individuals. In addition, the following defendants were included in the complaint because of their control over, or association with, the Bedford County Sheriff's Department: Bedford County, Tennessee, and its governing body; Dorothy Orr, County Executive of Bedford County; and the United States Fidelity & Guaranty Company. The Greens specifically claimed that the non-official defendants were responsible for the acts of terrorism, which obviously violated the civil rights of plaintiffs; that these defendants conspired among themselves to commit the acts in question; and that the sheriff and his two deputies violated their civil rights by failing to render assistance to them, and in failing to investigate the incidents. As previously mentioned, the claims were brought under the fourth and fourteenth amendments and 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988.

Following the plaintiffs' case in chief, a verdict was directed in favor of Bedford County and its governing body, County Executive Dorothy Orr, Mrs. Wilma Francis and Horace Thomas Garrett. The motion for a directed verdict was denied as to the remaining defendants. The jury subsequently returned a verdict in favor of some of the individual non-official defendants, but against all the named defendants-appellants, the sheriff and his deputies. Compensatory damages were awarded by the jury in the amount of three thousand dollars ($3,000) to Willie Frank Green; thirty thousand dollars ($30,000) to Calvin Coolidge Green; and thirty thousand dollars ($30,000) to Mrs. Eula Green. In addition, the district court granted to plaintiffs declaratory and injunctive relief, and also determined that they were entitled to an award of attorney fees under 42 U.S.C. § 1988 in the amount of $37,158.75, along with reimbursable expenses in the approxi-

mate amount of $3,000. The sheriff and his deputies did not appeal from the judgment of the district court.

With respect to the first contention of appellants, the applicable standards for determining whether to grant a j.n.o.v. or a new trial were set forth clearly in the opinion of District Judge Neese:

" * * * When reasonable minds can reach different conclusions, the issue[s] of fact must be submitted to the jury. * * *" *Chandler v. Edgar W. Long, Inc.,* C.A. 6th (1980), 623 F.2d 1139, 1142[2]. Once the jury resolves these issues: " * * * Judgment notwithstanding the verdict is not proper unless the evidence is such that there can be but one reasonable conclusion as to the proper verdict. It should not be granted if there is a conflict in the evidence, and credibility of [the] evidence is not to be considered in passing on a motion for judgment. * * *" *Reeves v. Power Tools, Inc.,* C.A. 6th (1973), 474 F.2d 375, 380[8].

Simply stated, the issue presented by a motion for judgment notwithstanding the verdict is whether there was sufficient evidence to raise a question for the jury. *Warkentien v. Vondracek,* C.A. 6th (1980), 633 F.2d 1, 6. " * * * Where a conflict in the evidence has been resolved by the jury's verdict, and there is an evidentiary basis for that verdict, it would be error for the Court to reevaluate the conflicting evidence and mandate a result opposite from that reached by the jury by granting a new trial. * * *" *Independent Const. Co. v. Mathis,* D.C. Tenn. (1978), 79 F.R.D. 18, 20[3], citing *Basham v. Pennsylvania Railroad Company* (1963), 372 U.S. 699, 700–701, 83 S.Ct. 965, 966–977[2], 10 L.Ed.2d 80. 541 F.Supp. at 871.

■ A summary of the evidence presented in support of the plaintiffs' claims reveals that the gunfire in question came from the direction of the Francis' home, and that the appellants admitted to being present at this residence on some of the nights when the shootings took place. Shotgun shells, rifle cartridges and a gallon gasoline tank were found along the side of a road between the Green property and the Francis property on the morning of September 23. Photographs of the Greens' home showed that it had been literally riddled with bullets, and other photographs substantiated the allegation that Willie Frank Green's automobile had been fired upon. In addition, the Greens testified that on one of the evenings in question, several of the defendants-appellants were observed driving back and forth in front of the Greens' residence in a dark colored van and a white Monte Carlo. Both of these vehicles were later shown to be registered in the name of defendant-appellant Underwood, even though Underwood had previously testified that he did not own a van. Willie Frank Green testified that it was Underwood's van that contained the people who chased him and fired into his automobile.

Mr. and Mrs. Green testified that on the evening of September 21, after a barrage of gunfire was heard, they called the sheriff's office, but that when the deputies arrived, they went to the Francis residence instead of the Greens' residence. One of the deputies and defendant Underwood then were heard talking and laughing together. The Greens testified that shortly afterwards more shots were fired and one of the sheriff's patrol cars was observed leaving the Francis home.

Despite numerous requests made by the Greens to the sheriff for help, the evidence indicates that very little in the way of an investigation was carried out and no written report of the incident was ever filed by Sheriff Williams. A friend of the Greens testified that when she called the sheriff to seek help for them, he responded by telling her that the Greens had started the problem and they ought to have to finish it.

We hold that there was ample evidence in support of the claims of plaintiffs to raise issues of fact for resolution by the jury, and that there was sufficient evidence to support the verdicts. It, therefore, was not error for the district court to overrule the motion of defendants for a j.n.o.v., or alternatively for a new trial.

850

Appellants specifically contend that there was no evidence showing that any of the non-official defendants were so closely connected to the actions of the official defendants, the sheriff and his two deputies, as to render them acting under color of law for purposes of the claims of plaintiffs under the fourth and fourteenth amendments, and under 42 U.S.C. § 1983. We conclude that this contention is without merit. We hold that the evidence presented shows a sufficient nexus between the official and non-official defendants to justify submitting the claims of plaintiffs requiring action under color of law to the jury, and to support the verdict of the jury against the non-official defendants on these claims. *See United States v. Price,* 383 U.S. 787, 794–95, 86 S.Ct. 1152, 1156–57, 16 L.Ed.2d 267 (1966). In reaching this conclusion we note that the parties stipulated to the fact that the sheriff and his deputies were acting under color of law, and that the jury was instructed clearly that in order to render a verdict against the non-official defendants they had to find that they acted jointly with the official defendants.

As to the second argument of appellants concerning excessive damages, this court has held that a jury verdict will not be set aside or reduced as excessive unless it is beyond the maximum damages that the jury reasonably could find to be compensatory for a party's loss. *See Jones v. Wittenberg University,* 534 F.2d 1203, 1212 (6th Cir.1976); *Manning v. Altec, Inc.,* 488 F.2d 127, 133 (6th Cir.1973). With this standard in mind, we hold that the damages awarded in the present case were not excessive. Willie Frank Green offered credible proof that he incurred $1,000 damages to his automobile, along with four weeks of absences from work, at a salary of $250 per week. Calvin and Mrs. Eula Green offered proof that the loss in value to their home due to the gunfire was $15,000 and that they suffered an additional loss of $6,000 due to the damage to their furniture. In light of this proof of tangible losses, and the fact that humiliation, mental suffering and the intangible loss of civil rights may also ·be compensated under § 1983, we conclude

that the award of $3,000 to Willie Green, $30,000 to Calvin Green, and $30,000 to Mrs. Eula Green was reasonable. *See Smith v. Heath,* 691 F.2d 220, 228 (6th Cir.1982).

In addition to their major contentions, appellants also assert that the district court erred in admitting into evidence a television station videotape in the absence of proper authentication, and in denying the motion of defendants to interrogate the jurors following the return of their verdicts. We find these arguments to be without merit. Reference is made to the district court opinion for a discussion of the defendants' motion for leave to interrogate jurors.

The district court allowed attorney fees to counsel for plaintiffs. The allowance included $325 per hour for thirteen hours of trial time. Reference is made to the opinion of the district court, 541 F.Supp. at 870. We conclude that this amount is not supported by the evidence. Two reputable members of the Nashville, Tennessee, bar filed affidavits in support of the fee claimed by Mr. Avon N. Williams, Jr., attorney for the plaintiffs. They stated that it is not unusual among leading members of the Nashville Bar to charge a fee ranging from $150 to $200 per hour for both office and courtroom work. Mr. Williams stated that his regular charges for court work were $1,000 per day for an eight hour court day, and it has been customary to add $500 per day for court days outside the Nashville area.

Upon consideration, this court reduces the fee of Mr. Williams for trial time from $325 per hour to $200 per hour for 13 hours of trial time. It is ORDERED that the total fee for trial time be reduced to $2,600 and that the aggregate fee for professional services fixed by the district court, 541 F.Supp. 870, be and hereby is reduced accordingly.

In all other respects the decision of the district court is affirmed. The costs of this appeal are taxed against appellants.