843 F.2d 1387
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rodney MOON, individually, Plaintiff-Appellant,
v.
HOWARD COUNTY BOARD OF EDUCATION; Mr. Charles I. Ecker;
Mr. Earl C. Westphal; Mr. N. Rick Hudson; Mr.
W.H. Buchman, Defendants-Appellees.
 No. 86-1015.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 22, 1988.
Decided: April 5, 1988.
 
 Rodney Moon, appellant pro se.
 Charles A. Reese, David C. Hjortzberg, Reese & Carney, for appellees.
 Before K.K. HALL, SPROUSE and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Rodney Moon appeals the jury's verdict denying him relief on his 42 U.S.C. Sec. 1981 claim and the district court's judgment denying him relief as to his claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq.
 
 
 2
 On appeal Moon asserts that (1) the evidence supported a finding in his favor, (2) the trial judge made prejudicial comments during the trial, (3) the district court failed to allow him to introduce crucial statistical evidence, (4) Earl Westphal, witness for the defense, testified from hidden notes, (5) evidence regarding Moon's criminal record was improperly admitted, and (6) the defendants introduced false evidence in their interrogatories.
 
 
 3
 It is the role of the jury and the district court to determine questions as to the credibility of witnesses and the weight to be given their testimony. This Court is not empowered, as Moon would have it do, to set aside the jury's assessment of the credibility of the witnesses and direct a finding that Moon's evidence conformed to the truth of the events at issue. See Basham v. Pennsylvania R.R., 372 U.S. 699 (1963). Review of the record provides no basis for concluding that the judgment in favor of defendants was unsupported by the evidence in this case. Thus, Moon's first and sixth contentions do not entitle him to relief from the judgment.
 
 
 4
 As his second ground Moon contends that he was prejudiced by remarks which the judge made during the trial. Moon does not specify the remarks to which he is referring or how he was prejudiced by them. Moon also asserts that a defense witness testified from hidden notes. However once again Moon fails to state what portion of the testimony came from these notes or how he was prejudiced. These conclusory allegations are insufficient to state a basis for relief from the judgment below.
 
 
 5
 Finally, the record does not reveal that the district court abused its discretion with regard to the admission of statistical evidence or Moon's criminal record.
 
 
 6
 Accordingly we affirm the judgment of the district court. Because the dispositive issues have been decided authoritatively, we dispense with oral argument.
 
 
 7
 AFFIRMED.