**Carl L. MANIS, Plaintiff,**

v.

**CSX TRANSPORTATION, INC., Defendant.**

**Bankruptcy No. 3:91CV7263.**

United States District Court, N.D. Ohio, W.D.

July 22, 1992.

**178**

Robert B. Thompson, Harrington & Harrington, Chicago, Ill., Michael J. Occhionero, Cleveland, Ohio, for plaintiff.

Robert M. Anspach, Law Offices Of Robert M. Anspach & Associates, Toledo, Ohio, for defendant.

## MEMORANDUM AND ORDER

JOHN W. POTTER, District Judge:

This matter is before the Court on defendant's supplemental memorandum in support of its motion for summary judgment on Count 1 of plaintiff's amended complaint, plaintiff's opposition and defendant's reply. At a June 29, 1992 pretrial, the Court requested that the parties brief defendant's affirmative defense of accord and satisfaction. Although the Court denied defendant's motion for summary judgment on Count I, it reserved judgment on the issue of accord and satisfaction.

■ This is an action to recover damages under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51. The defendant moves for summary judgment on the ground that plaintiff's claim for occupational hearing loss is barred by a release executed between plaintiff and defendant on January 17, 1989. The plaintiff contends that the release does not extend to this hearing loss claim because he did not know this claim existed at the time he signed the release. The Court agrees with plaintiff and will deny this motion.

It is undisputed that on January 17, 1989, in consideration of $10,000.00 paid to him by the defendant, plaintiff executed a "Settlement and Final Release of All Claims".[1] The release specifically stated that it encompassed a compromise of a disputed claim. The disputed claim in question comprised a back injury caused by a February 4, 1986 incident. Plaintiff's occupational hearing loss claim was unknown to plaintiff at this time.

■ "[V]alidity of releases under the Federal Employers' Liability Act raises a federal question to be determined by federal rather than state law." *Dice v. Akron, C. & Y. R.R. Co.*, 342 U.S. 359, 361, 72 S.Ct. 312, 314, 96 L.Ed. 398 (1952). The performance of the release extinguishes the underlying obligation. *See Bowater North America Corp. v. Murray Machinery, Inc.*, 773 F.2d 71, 75 (6th Cir.1985). "[A] release is not a device to exempt from liability but is a means of compromising a *claimed* liability and to that extent recognizing its possibility." *Panichella v. Pennsylvania R.R. Co.*, 268 F.2d 72, 75 (3rd Cir.1959), *cert. denied*, 361 U.S. 932, 80 S.Ct. 370, 4 L.Ed.2d 353 (1960) (quoting *Callen v. Pennsylvania R.R. Co.*, 332 U.S. 625, 630–631, 68 S.Ct. 296, 298, 92 L.Ed. 242 (1948)). "One who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted." *Callen*, 332 U.S. at 630, 68 S.Ct. at 298. Another manner of demonstrating invalidity of a release is lack of consideration. *Maynard v. Durham & Southern Ry. Co.*, 365 U.S. 160, 163, 81 S.Ct. 561, 563, 5 L.Ed.2d 486 (1961).

Plaintiff had a disputed back injury claim for which he executed a release in January, 1989. Plaintiff testified in his deposition that defendant read the release to him pri-

---

1. The settlement states, in pertinent part that, plaintiff agreed to release defendant from all claims:

> for any and all injuries to person and/or damage to property occurring prior to the date of this SETTLEMENT AND FINAL RELEASE, including but not limited to injuries and/or damage arising out of or in any way connected with personal injuries received at or near Walbridge, Ohio, on or about February 4, 1986, and at any other time and place prior to the date of execution of this Release.
> . . . .
> The words "injuries and/or damages", where used in the SETTLEMENT AND FINAL RE-

LEASE, include all injuries and/or damages which are unknown as well as injuries and/or damages which are known and include all consequences of such injuries which may hereafter develop as well as consequences now developed.

.     .     .     .     .

> It is further understood and agreed that this is a settlement by compromise of a *disputed claim* or claims and that the payment made is not to be construed as an admission of liability, all liability being expressly denied.

Defendant's Supplemental Memorandum, Appendix No. 1 (emphasis added).

or to his signing it. Plaintiff initialed the portion of the release where he states that "[i]n executing this Release, I am aware of the fact that I have certain abnormalities of my back, possibly of a permanent nature which may cause further trouble and disability."

The Sixth Circuit recently has held that general release language stating that "any and all claims ... whether or not now known" does not prohibit claims unknown to the releasing party at the time a compromise is reached. *Forry, Inc. v. Neundorfer, Inc.*, 837 F.2d 259, 263 (6th Cir.1988). The Court of Appeals in *Forry* stated further that:

It has been held that the meaning to be given the words of a contract must be the one that carries out the intent of the parties as determined by the circumstances under which the contract was made. It has also been held that general language of release will not encompass claims of which the releasor was unaware, particularly if the releasee concealed them for him.

*Forry*, 837 F.2d at 263. (citations omitted).

In the instant case, there is deposition testimony that plaintiff never received the results of a 1987 hearing examination. Plaintiff presumed the medical results were sent directly to the company. Manis Deposition at 6–7. The Court will not enforce the release for plaintiff's back claim against plaintiff's occupational hearing loss claim which he did not know existed at the time he executed the release.

The cases cited by defendant, *Panichella*, 268 F.2d 72 and *Taggart v. United States*, 880 F.2d 867 (6th Cir.1989), are clearly distinguishable from the instant case. In *Taggart*, a post office customer filed a Federal Tort Claims action against the United States for injuries sustained in a slip and fall which occurred either on the post office property or on an adjacent church property. She executed a settlement and release with the church and any and all other persons who might be liable for the injuries sustained from the fall. The Sixth Circuit held that the release with the church also released the United States from liability. Likewise in *Panichella*, a FELA cause of action, the Court held that, although not specifically mentioned in a release with a third party, the broad terms of a settlement released any claims arising by reason of a *specific accident* that the plaintiff had against the railroad.

The plaintiffs in both *Taggart* and *Panichella* suffered one indivisible injury resulting from one specific occurrence, although perhaps concurrent actions by different agencies created that single harm. This differs from the facts in the case currently before the Court. In the instant case, there are two divisible injuries and one alleged agency. The occupational hearing loss injury is separate from and of a different nature than the back injury suffered in 1986. Likewise, the alleged hearing loss occurred over a different time period from the 1986 accident. Further, there is no evidence demonstrating that the hearing loss stems from the plaintiff's settled back injury claim.

Accordingly, the Court finds that the release of a known back injury does not release an unknown, unclaimed and unconnected hearing loss injury. Since plaintiff was unaware that he suffered from a hearing loss when he signed the release, the general language of the release will not bar this claim. *See Forry*, 837 F.2d at 263. This finding remains "consistent with the corollary rule in FELA release cases that a mistake is sufficient to avoid a release only when the mistake goes to the nature of the injury, not to the expected course of healing." *Loose v. Consolidated Rail Corp.*, 534 F.Supp. 260, 263 (E.D.Pa.), *aff'd*, 692 F.2d 749 (3rd Cir.1982) (*citing Edwards v. Western & Atlantic R.R.*, 552 F.2d 137 (5th Cir.1977)).

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that defendant's motion for summary judgment on the issue of accord and satisfaction be, and hereby is, DENIED; and further that, as a matter of law, the release in question does not bar plaintiff's claim for his alleged occupational hearing loss.