_[iDENNIS R. BAGNERIS, SR., Judge.
Defendant/appellant, New Orleans Public Belt Railroad Commission (“NOPB”), appeals a trial court judgment in favor of Robert Bodenheimer (“Bodenheimer”), a railroad employee injured as a result of his work activities. This suit was brought under the Federal Employers Liability Act (TELA”). For the reasons below, we affirm.
Bodenheimer answered the appeal, seeking an increase in general damages. Further, Bodenheimer contends the trial court erred when it awarded legal interest from the date of judicial demand.

FACTS

On January 5, 1996, Bodenheimer was employed as a switchman with NOPB. Bo-denheimer was pulling a switch with both of his hands when he sustained injury to his right shoulder and neck. Bodenheimer had been employed with NOPB for thirty-seven years as a switchman.
On December 23, 1996, Bodenheimer filed a lawsuit against the City of New Orleans by and through the Public Belt Railroad Commission of the City of | ¡>New Orleans and CSX Transportation, Inc. (“CSX”) Bodenheimer claim against NOPB was based upon the FELA Act and his claim against CSX was based upon Louisiana’s negligence laws.

DISCUSSION

FELA represents a response to the special needs of railroad workers who are daily exposed to the risks inherent in railroad work and who are helpless to provide for their own safety. FELA was designed to provide a federal statutory negligence action and is a railroad employee’s exclusive remedy for workplace injuries. Sinkler v. Missouri Pacific Railroad Co., 356 U.S. 326, 78 S.Ct. 758, 2 L.Ed.2d 799 (1958); Janelle v. Seaboard Coast Line *1283 Railroad Co., 524 F.2d 1259 (5th Cir.1975). Determining FELA liability is a distinctly federal question. Sinkler, supra. Although state courts have concurrent jurisdiction, pursuant to 45 U.S.C. § 56, federal law, and not state law, must be applied. Monessen Southwestern Railway Co. v. Morgan, 486 U.S. 330, 108 S.Ct. 1837, 100 L.Ed.2d 349 (1988); Dufour v. Union Pacific Railroad Co.-Missouri Pacific Railroad Co., 610 So.2d 843 (La.App. 1st Cir.1992), affirmed, 614 So.2d 1263 (La.1993), Broussard v. Union Pacific R. Co., 29,769 (La.App. 2 Cir. 8/28/97), 700 So.2d 542.
The proper measure of damages under the FELA is inseparably connected with the right of action. Accordingly, it is an issue of substance that must be settled according to the general principles of law as applied by the federal courts. Monessen Southwestern Ry. v. Morgan, 486 U.S. 330, 335, 108 S.Ct. 1837, 100 L.Ed.2d 349 (1988). Chesapeake & Ohio Ry. Co. v. Kelly L.R.A., 241 U.S. 485, 491, 36 S.Ct. 630, 632, 60 L.Ed. 1117 (1916). Shaw v. Texas and Pacific Ry. Co., 170 So.2d 874, 879 (La.App. 4 Cir.1965). If the railroad’s negligence played any part, no matter how small, in causing an employee’s injury then the railroad is hable for the resulting damages. Rogers, 352 U.S. at 508, 77 S.Ct. 443, E’Teif v. National R.R. Passenger Carp., 1998-2503 (La.App. 4 Cir. 4/22/99), 733 So.2d 155.
In order for a plaintiff to recover under FELA, he must establish that (1) he was injured within the scope of his employment; (2) the employment was in furtherance of the railroad’s commerce in interstate transportation; (3) his employer was negligent; and (4) this negligence played a part in causing his injury. Williams v. Southern Pacific Transp. Co., 813 F.Supp. 1227 (S.D.Miss.1992). Negligence is a federal question, which is not substantially different than what state and local laws define as being negligent. Alabama Great Southern R. Co. v. Jackson, 587 So.2d 959 (Ala.1991), cert. dismissed, 502 U.S. 1083, 112 S.Ct. 994, 117 L.Ed.2d 155 (1992).
A trial court’s finding of fault and causation are essentially factual, subject to the manifest error standard of review. Gaines v. Daiichi Chuo Shipping (American), Inc., 95-1597 (La.App. 4 Cir. 4/24/96), 673 So.2d 1192. The trial court’s determination of whether comparative fault applies is also a factual determination, which is susceptible to the manifest-error standard of review. Warner v. City of New Orleans, 96-1296 (La.App. 4 Cir. 5/30/97), 694 So.2d 1231 writ denied, 97-2037 (La.11/14/97), 703 So.2d 626; Swan v. New Orleans Terminal Co., 1998-2694 (La.App. 4 Cir. 5/21/99), 745 So.2d 52.

NEGLIGENCE

NOPB contends the trial court erred in finding them negligent and liable for injuries sustained by Bodenheimer. NOPB argues that it provided a | ¿reasonably safe place for Bodenheimer to work as a railroad employee. NOPB argues that the switch no. 11 was properly maintained and safe.
NOPB contends that under FELA law, it did not have to provide an absolutely safe place to work, but rather only had a duty to exercise reasonable and ordinary care to provide a reasonably safe place for Bodenheimer to perform his work as a switchman. NOPB cites Brady v. Southern R.Y., 320 U.S. 476, 64 S.Ct. 232, 88 L.Ed. 239 (1943) in support of their contentions.
Unlike Louisiana workers’ compensation law, which grants an employer tort *1284 immunity in exchange for fixed statutory benefits payable regardless of fault, FELA allows recovery only if the worker can prove that his employer was negligent. FELA retains the tort characteristics of fault-based liability and recovery of actual damages suffered rather than a fixed or arbitrary scale of benefits. 45 U.S.C. § 51. Comparative fault is applicable except that no employee shall be found contributory negligent in cases where the employer was guilty of negligence per se in violating a federal safety statute or regulation. 45 U.S.C. § 53; Kernan v. American Dredging Co., 355 U.S. 426, 78 S.Ct. 394, 2 L.Ed.2d 382 (1958).
A railroad has a duty to provide a safe workplace. Following the passage of FELA, the emergence and wide acceptance of workers’ compensation statutes raised questions that FELA imposed an unfair burden upon the railroad workers by predicating recovery on the employer’s negligence; however, in practice, liberal construction has diminished the impact of the negligence requirement. Consolidated Rail Corp. v. Gottshall, 512 U.S. 532, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994); Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949); Gallick v. Baltimore & O.R. Co., 372 U.S. 108, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963).
lain a series of decisions, the U.S. Supreme Court broadened and liberalized the definition of fault and causation under FELA. Most recently in Consolidated Rail Corp., supra, Justice Thomas wrote for the court:
We have liberally construed FELA to further Congress’ remedial goal. For example, we held in Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957), that a relaxed standard of causation applies under FELA. We stated that “[u]nder this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought.” Id., at 506, 77 S.Ct., at 448. In Kernan, supra, we extended the reach of the principle of negligence per se to cover injuries suffered by employees as a result of their employers’ statutory violations, even if the injuries sustained were not of a type that the relevant statute sought to prevent. See 355 U.S., at 432-436, 78 S.Ct. at 398-400. And in Urie, supra, we held that occupational diseases such a silicosis constitute compensable physical injuries under FELA, thereby rejecting the argument that the statute covered only injuries and deaths caused by accidents. See 337 U.S. at 181, 69 S.Ct. at 1030.
That FELA is to be liberally construed, however, does not mean that it is a workers’ compensation statute. We have insisted that FELA “does not make the employer the insurer of the safety of his employees while they are on duty. The basis of his liability is his negligence, not the fact that injuries occur.” Ellis v. Union Pacific R. Co., 329 U.S. 649, 653, 67 S.Ct. 598, 600, 91 L.Ed. 572 (1947). Accord, Inman v. Baltimore & Ohio R. Co., 361 U.S. 138, 140, 80 S.Ct. 242, 243-244, 4 L.Ed.2d 198 (1959); Wilkerson[ v. McCarthy,] supra, 336 U.S. [53] at 61, 69 S.Ct. [413] at 417[, 93 L.Ed. 497 (1949)].
What constitutes negligence is a federal question not varying in aceor-dance with state or local concepts. What is negligence is a fact-bound, case-by-case analysis, keeping in mind Congress’ reme *1285 dial and humanitarian purpose and the established course of liberal construction followed by the U.S. Supreme Court. Uñe, supra; Gottshall, supra. Further, negligence within the meaning of FELA attaches if the common carrier knew, or by the exercise of due care should have Ifiknown, that prevalent standards of conduct were inadequate to protect petitioners and similarly situated employees. Urie, supra; Jackson v. Kansas City Southern Railway, 619 So.2d 851 (La.App. 3d Cir.1993), writ denied, 626 So.2d 1187 (La.1993).
An appellate court may not reverse findings of fact in a FELA case unless there is a complete absence of any probative facts to support the fact finder’s conclusions. Dennis v. Denver & Rio Grande Western Railroad Co., 375 U.S. 208, 84 S.Ct. 291, 11 L.Ed.2d 256 (1963); Polotzola v. Missouri Pacific Railroad Co., 610 So.2d 903 (La.App. 1st Cir.1992).
In the instant case, the trial court considered all the testimony and the evidence presented. The trial court in its reasons for judgment found that Boden-heimer was a credible witness despite NOPB’s contention that he was not credible. Further, the trial court found that NOPB failed to provide Bodenheimer with a reasonably safe place to work, failed to use reasonable care to inspect, maintain and repair switch no. 11, and failed to establish and enforce proper procedures for switches that had been reported as difficult to throw. Accordingly, we cannot find the trial court’s conclusion to be unsupported and erroneous. Therefore, NOPB’s contention is without merit.

CAUSATION

Causation is an issue whenever there is evidence that an employer’s negligence caused the harm, or, more precisely, enough to justify a determination that employer negligence had played any role in producing the harm. Gallick, supra; Rogers, supra; Armstrong v. Kansas City Southern Railway Co., 752 F.2d 1110 (5th Cir.1985); Broussard v. Union Pacific R. Co., supra,
|7NOPB argues that Bodenheimer failed to prove that an improperly maintained switch caused his injuries. NOPB argues that Bodenheimer failed to call any expert witness to testify to any defects or to any alleged maintenance issues with switch no. 11. NOPB contends that it offered the only testimony as to the operation, maintenance and safety of switch no. 11.
As noted, appellate review standards in FELA cases are strict. Dennis, supra. After careful review of the record in its entirety in this fact specific case, the trial court’s factual holdings were supported with evidence. Thus, we find no error concerning causation.

CONTRIBUTORY NEGLIGENCE/COMPARATIVE FAULT

The trial court erred in not finding Bo-denheimer contributory negligent and not assigning a percentage of comparative fault to Bodenheimer. NOPB argues that the trial court should have apportioned fifty to seventy-five percent or greater because he had thrown switch no. 11 on numerous prior occasions without difficulty-
NOPB contends that Bodenheimer violated its safety rules on the day of the accident in which he was injured. NOPB contends that these violations contributed in whole or in part to the accident. Further, that if Bodenheimer’s violations were the sole cause of the accident then it can *1286 not be held liable for the injuries he sustained.
Contributory Negligence is not a bar to recovery; damages are reduced by the percentage of the injured worker’s negligence. However, an employee cannot be faulted, nor have his damages reduced, merely because he worked at an unsafe | ¿job when the defendant railroad itself created the risk of injury. Birchem v. Burlington Northern R.R. Co., 812 F.2d 1047, 1049 (8th Cir.1987).
The trial court in its reasons for judgment stated the NOPB failed to provide sufficient evidence to support its claim of comparative/contributory negligence. Further, the trial court found that Boden-heimer could not be held contributory negligent for following his superior’s instructions.
In the instant case, Bodenheimer was instructed to throw the switch by a supervisor. Bodenheimer testified that he was informed that he would be charged with insubordination if he refused to throw the switch. Further, Bodenheimer testified that he threw the switch in the same manner previous times before the accident. He stated that he threw the switch the same way the foreman threw it. The trial court found that NOPB was negligent and did not assign any contributory negligence to the Bodenheimer. We find no error in the trial court’s findings. Accordingly, we must affirm trial court’s finding. NOPB’s contention is without merit.

DAMAGES

NOPB contends that the trial court’s award of both general and special damages was grossly excessive and therefore manifestly erroneous. However, Bodenheimer in his answer to this appeal contends that the general damage was inadequate and should be increased to a minimum of $300,000.
The proper measure of damages under the FELA is inseparably connected with the right of action. Accordingly, it is an issue of substance that must be settled according to the general principles of law as applied by the federal courts. Monessen Southwestern Ry. v. Morgan, 486 U.S. 330, 335, 108 S.Ct. 1837, 100 L.Ed.2d 349 (1988). Chesapeake & Ohio Ry. Co. v. Kelly L.R.A., 241 U.S. 485, 491, 36 S.Ct. 630, 632, 60 L.Ed. 1117 (1916). Shaw v. Texas and Pacific Ry. Co., 170 So.2d 874, 879 (La.App. 4 Cir.1965). If the railroad’s negligence played any part, no matter how small, in causing an employee’s injury then the railroad is liable for the resulting damages. Rogers, 352 U.S. at 508, 77 S.Ct. 443.
The correct standard to be applied in FELA cases to determine whether the evidence supports a general damage award is the same as that applied in other Louisiana cases. See Lilley v. Board of Supervisors of Louisiana State University, 98-1277 (La.App. 3 Cir. 3/24/99), 735 So.2d 696, which quoted the following standard from Louisiana Supreme Court’s decision in Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993):
The initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the “much discretion” of the trier of fact. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Ballard v. National Indem. Co. of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967). Only after such a *1287 determination of an abuse of discretion is a resort to prior awards appropriate and then for the purpose of determining the highest or lowest point, which is reasonably within that discretion. Coco v. Winston Industries, Inc., 841 So.2d 332 (La.1976); Bitoun v. Landry, 302 So.2d 278 (La.1974); Spillers v. Montgomery Ward & Co., 294 So.2d 803 (La.1974).
Despite the two-step query established by the Youn case, NOPB contends that it is routine for courts determining the validity of FELA awards to compare the award in question with other awards to determine whether they are excessive. NOPB cites Chevalier v. Reliance Insurance Co., 953 F.2d 877 (5th Cir.1992), in support of its contention the general damage award is excessive. The court in Chevalier awarded the plaintiff $10,000.00 Dollars for past pain and suffering for |inthe injury he sustained to his rotator cuff, which he had to have surgery for a rotator cuff revision.
Following our review of the record evidence in this case, we find that the trial court’s $150,000.00 dollars in general damage award is not an abuse of the “much discretion” of the trier of fact because it is not excessive “for the particular injuries and their effects under the particular circumstances on the particular injured.” Youn, 623 So.2d at 1260. In Youn, the Supreme Court acknowledged that in reviewing a damage award, the appellate court should consider more than just the injuries sustained.
In the instant case, Bodenheimer, suffered severe pain, mental and physical agony. “When these and other factors are properly considered under the standards discussed above, we cannot say that the trial judge abused his discretion in fixing the generous awards of general damages.” Youn v. Maritime Overseas Corp., 623 So.2d at 1261. “The awards are not obviously the result of passion or prejudice, and they bear a reasonable relationship to the elements of the proved damages.” Id. Further, we find no merit to Bodenheimer’s contention that the general damages are inadequate and that it should be increased to $300,000.00. Accordingly, the trial court’s general damage award is affirmed.

LOSS OF EARNING CAPACITY/PAST AND FUTURE LOST WAGES

NOPB contends that the trial court erred in awarding Bodenheimer past and future lost wages and lost earning capacity because the record did not support the awards.
The proper measure of damages under the FELA is inseparably connected with the right of action. Accordingly, it is an issue of substance that must be settled according to the general principles of law as applied by the federal courts. Monessen Southwestern Ry. v. Morgan, 486 U.S. 330, 335, 108 S.Ct. 1837, 100 L.Ed.2d 349 (1988); Chesapeake & Ohio Ry. Co. v. Kelly L.R.A., 241 U.S. 485, 491, 36 S.Ct. 630, 632, 60 L.Ed. 1117 (1916); Shaw v. Texas and Pacific Ry. Co., 170 So.2d 874, 879 (La.App. 4 Cir.1965).
If the railroad’s negligence played any part, no matter how small, in causing an employee’s injury then the railroad is liable for the resulting damages. Rogers v. Missouri Pacific R.R.Co., 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493 (1957)
In the case sub judice, Bodenheimer’s injuries were caused by the negligence of his supervisor ordering him to throw the switch. NOPB failed to provide proper training and instruction for the usage of *1288 the switch. As a result of the accident, Bodenheimer had to undergo surgery and the injury to his shoulder aggravated his neck condition and a latent degenerative condition.
At the time of the accident was physically able to do his entire work related task. However since the accident Bodenheimer has been unable to perform his former work related duties and is now a 65 year man with an eighth grade education. His employment history has been entirely with the railroad industry as a laborer. Boden-heimer was awarded $272,308.15 for special damages which includes $14,094.15 for medical expenses, $7,500.00 for future medical expenses, $211,755.00 for past loss wages and $88,959.00 for future earning capacity.
In a FELA case, a fact finder can award any amount for loss of future earning capacity so long as probative facts support their finding. Dufour, 610 So.2d at 846.
In the instant case, both Boden-heimer and expert witnesses testified concerning Bodenheimer’s injuries and loss of future earning capacity. These I ^probative facts were sufficient to support the award for loss of earning capacity. Further, the record contains evidence to support the conclusions reached by the trial court regarding Bodenheimer’s lost wage. Accordingly, we must affirm.

ADMISSION OF EVIDENCE

NOPB contends that the trial court erred by allowing into evidence the admission of the entire transcript of Bodenheimer’s disciplinary hearing that was held on March 25, 1996. NOPB contends that Bo-denheimer failed to prove that anyone who gave statements at the disciplinary hearing had anything to do with disciplining fellow NOPB employees. NOPB contends that the trial court erred in admitting the hearsay testimony over their objection because Bodenheimer failed to introduce any evidence to substantiate that the statements were made by a railroad employee or that the statements were within the scope of their employment or agency.
La.C.E. art. 801 D(3)(a) provides that “a statement by an agent or employee of the party against whom it is offered concerning a matter within the scope of his agency or employment” is not hearsay. This article goes beyond the traditional “speaking agent” rationale and permits the introduction of such a statement whenever it concerns a matter within the scope of the speaker’s agency or employment. A statement is not hearsay if it meets two criteria: (1) it was made by an agent or employee of the party against whom it is offered and (2) it concerns a matter within the scope of his agency or employment, made during the existence of the relationship. Before a statement offered under that provision may be admitted, the party offering the statement must present evidence sufficient to establish that both criteria are met.
113In the instant case, there is un-rebutted evidence in the record to establish employment and scope of employment outside of the statement itself. Thus, the statements were not hearsay and the trial court was not manifestly erroneous in allowing the transcript from Bodenheimer’s disciplinary hearing.

ATTORNEY’S FEES

NOPB contends that the trial court erred in awarding attorney’s fees to CSX. *1289 NOPB argues that as a general rule attorney’s fees are not allowed except where authorize by statute or contract citing, Nassif v. Sunrise Homes, Inc., 98-3193 (La.6/29/99), 739 So.2d 183 in support of its contention. Further, that indemnification agreement should be strictly construed by the court and absent an unequivocal express agreement on the issue; attorney’s fees are not recoverable, citing, Perkins v. Rubicon, Inc., 563 So.2d 258, 259 (La.1990); Soloco, Inc. v. Dupree, 99-1476 (La.App. 3 Cir.2/9/00), 758 So.2d 851, 852.
NOPB contends further that CSX failed to identify any specific provision in either the 1994 Trackage Rights Agreement or the 1993 Interlocking Agreement, which authorizes CSX to recover attorney’s fees.
The trier of fact is afforded great discretion in determining what amount constitutes reasonable attorney’s fees. Thus, we hold that the trial court did not abuse its discretion in awarding $81,153.18 to CSX for attorney’s fees.
For the foregoing reasons, the trial court’s judgment appealed from is hereby affirmed.

PRE-JUDGMENT INTEREST

NOPB contends the trial court erred in awarding pre-judgment interest to Boden-heimer. NOPB contends that state courts may not award pre-judgment | uinterest to plaintiffs in FELA actions, because Congress has not provided pre-judgment interest as a remedy.
In Louisiana, interest on an award of court costs begins to run on the date of the judgment fixing the costs. Cajun Elec. Power Co-Op v. Owens-Corning Fiberglass Corp., 616 So.2d 645, 647 (La.1993). Thus, we amend the judgment to award interest on court costs only from the date of the judgment fixing those costs.

INDEMNIFICATION

NOPB contends that the trial court erred in awarding $50,000.00 to CSX for indemnification.
Under equitable principles of indemnity, in order for a settling indemnitee to support his indemnity claim he must prove actual liability to the original plaintiff and that the amount paid in settlement was reasonable. To avoid having to prove actual liability, the indemnitee should offer the indemnitor before any settlement is concluded the choice of (1) approving the settlement or (2) taking over the indemni-tee’s defense. If the indemnitor refuses to take either course, then the indemnitee will only be required to show potential liability to the original plaintiff to- support his claim for indemnity. Parfait v. Jahncke Service, Inc., 484 F.2d 296 (5th Cir.1973). There is no rigid requirement that the indemnitee offer the above precise choice to the indemnitor.
The primary concern is fairness to the indemnitor. If it can be shown that the indemnitor was afforded substantially the same protection that the above choice affords, then the indemnitee will have to show only potential liability. Burke v. Ripp, 619 F.2d 354 (5th Cir.1980). A formal tender of defense is not required, rather only an opportunity .to defend is necessary. Burke v. Ripp, supra.
|1sIn .the instant case, the trial court gave the following reasons for its judgment:
Excerpts from the trial transcript of March 21, 2001 show, however, that NOPB attempted to shift liability to *1290 CSX by showing that CSX owned the switch subject of plaintiffs claim of injury and damages. Thus, given the adversarial position of the parties, NOPB’s claim that they are not obligated to indemnify CSX because they did not concur in the settlement confected between CSX and the plaintiff is without merit.
Any contractual requirement that CSX obtain approval from NOPB of its settlement with plaintiff before they were entitled to indemnification was impossible to fulfill under the circumstance of this case. “A condition is regarded as fulfilled when it is not because of the fault of a party with an interest contrary to the fulfillment: La.C.C. art. 1772.
The record supports a finding that CSX established potential liability by filing of plaintiffs petition and its original and amended cross claim. Further, NOPB admitted that CSX was exposed to potential liability in its responsive pleadings. Based on the numerous cases cited by counsel for CSX, where a claim is based on a written contract of indemnification, upon showing of potential liability, CSX is entitled to indemnification for the $50,000.00 settlement with plaintiff although plaintiffs claim against CSX were ultimately denied after trial on the merits.
Accordingly, we find no error in the trial court’s findings and judgment. NOPB’s contention is without merit.
Further, this Court pretermits discussion of the remaining issues raised on appeal by NOPB.

AMENDED IN PART AND AFFIRMED AS AMENDED.